———————o———————

## CLACKNER *v.* THE STATE.

WITNESS.—*Impeachment.*—*Rebutting Evidence for Defendant in Criminal Ac- tion.*—After the defendant in a criminal action had closed his evidence, the State called a witness who testified that the general character of a certain witness who had given material testimony for the defendant, by whom he had been introduced, was bad.

*Held,* that after the State had closed her rebutting testimony, the defendant

was entitled to introduce another competent witness to testify that he was acquainted with the general character of said former witness, which had been so attacked, and that it was good.

LARCENY.—*Evidence.*—*Possession of Stolen Goods.*—The defendant in a prosecution for larceny may rebut the presumption of guilt arising from the fact that the goods were found in his possession soon after they were stolen without giving any account of the manner in which he obtained possession of them.

APPEAL from the Wayne Criminal Court.

GREGORY, J.—The appellant was indicted in the court below for stealing hams, lard, and lard-cans. Trial by jury; verdict, guilty; motion for a new trial overruled; and judgment.

There are two grounds on which it is insisted that the court erred in overruling the motion for a new trial, the exclusion of evidence, and misdirection of the jury in charges given by the court.

The defendant had introduced as a witness one Henry Long, who gave material testimony for him. After the defendant had closed his testimony, the State called one Kimmel who testified that the general character of Long was bad. The defendant, after the State had closed her rebutting testimony, offered and proposed to prove by one Eliza Clackner, a competent witness, that she was acquainted with the general character of Long, and that it was good. The court refused to allow the evidence thus offered.

Mr. Starkie states the rule accurately. He says, that "a party cannot bring evidence to confirm the character of a witness before the credit of that witness has been impeached, either upon cross examination, or by the testimony of other witnesses; but if the character of a witness has been impeached, although upon cross examination only, evidence upon the other side may be given to support the character of the witness by general evidence of good conduct; and where the character of a witness is impeached by general evidence, the party who calls him is at liberty to examine the witnesses as to the grounds of their belief; and in all cases where the credit of a witness has been at-

tacked, whether by general evidence or by particular questions put upon cross examination, it seems that the party who called him is at liberty to support his testimony by general evidence of good character." Starkie Ev. 222, 8th Am. ed.

In *Commonwealth* v. *Ingraham*, 7 Gray, 46, it was held, that an attempt to impeach a witness, by asking another witness what was his character for truth, warrants the introduction of evidence to support his character, although the answer to the question was that his character was good.

The code provides, that "in all questions affecting the credibility of a witness his general moral character may be given in evidence." 2 G. & H. 171, sec. 242. The impeachment of the witness's general character gave the defendant the right to sustain that character. This is one of the cases where rebutting evidence is allowed to rebutting evidence; otherwise a defendant would be deprived of the right to sustain the credit of his witnesses, when they were attacked in the rebutting evidence of the plaintiff.

This is warranted by the criminal code. The order of criminal trials is thus stated: "First, the prosecuting attorney must state the case, and offer the evidence in support of the prosecution; second, the defendant or his counsel may then state his defense, and offer evidence in support thereof; third, the parties may then respectively offer rebutting testimony only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case." 2 G. & H. 414, sec. 103.

It was not competent for the defendant to sustain his witness until attacked by evidence. He could only offer such evidence by way of rebutting the impeaching testimony. The court erred in excluding the evidence offered.

Over the objection and exception of the defendant, the court charged the jury, "4. If goods are stolen, and are shortly afterwards found in the possession of the defendant, *common honesty and the law requires him to give a reasonable account of how he came by them;* this may be strengthened or

weakened by the length of time and kind of property; and all the circumstances should be taken into consideration by the jury."

"11. If the goods were stolen, and were shortly afterwards found, or some of them, in the possession of the defendant, *the law requires of him that he should give some account of the manner he obtained the goods,* and raises a presumption of guilt; and the account or the want of it and its reason always is given with the length of time and kind of goods and all the circumstances, and give them all such weight as the jury, being prudent men, think they should have."

The court, on motion of the defendant, charged the jury, that "the fact that stolen property is found upon a person may always be given in evidence in a prosecution for the larceny against him, and must always be consistent with his guilt; but the strength of the presumption which it raises against the accused, or whether any at all, depends upon the explanations or the want of them by the defendant, indeed, upon all the circumstances surrounding the transaction."

It is claimed that that portion of the instructions in italics is erroneous. It is argued, that a defendant may rebut the presumption of guilt arising from the possession of stolen property without in any way accounting for the possession.

Mr. Phillipps lays down the general rule thus: "On indictments for larceny, proof that part of the stolen goods have been found upon the person of the prisoner, or in his house or possession, is presumptive evidence against him of his having stolen them, so as to call upon him for his defense, and may be sufficient to warrant a conviction if no facts appear in evidence to repel that presumption." 1 Phillipps Ev. 634.

Certainly, facts much short of giving a reasonable account of how the accused came by them, will rebut the presumption arising from the possession of stolen goods.

Cowen and Hill, in their notes to Phillipps on Ev., have

examined this subject with care and learning. In note 183, p. 634, it is said, "The presumption arising from the possession or other circumstances, may, of course, be explained away or repelled by opposing circumstances. The better opinion seems to be, that the presumption arising from possession alone is completely removed by *the good character alone* of the prisoner. * * * The possession of the goods may also be accompanied with circumstances (such as unsuspicious conduct) repelling the presumption."

The error committed in the fourth and eleventh instructions given by the court is not corrected by the instruction given on the motion of the defendant. The jury would understand that "the explanations" must embrace what the court had told them common honesty and the law required.

The court erred in overruling the motion for a new trial.

Judgment reversed; cause remanded, with directions to grant a new trial, and for further proceedings. Prisoner remanded.

*G. A. Johnson* and *T. J. Study*, for appellant.
*B. W. Hanna*, Attorney General, for the State.