BURTON *v.* STATE OF INDIANA.

[No. 29,595. Filed March 26, 1958.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Harriette Bailey Conn,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—This is an appeal from a judgment of the Criminal Court of Marion County upon a finding appellant was guilty of robbery while armed, for which he was sentenced to the Indiana State Prison for 10 years. The error assigned here is the overruling of

appellant's motion for a new trial. The motion for a new trial challenged the sufficiency of the evidence to sustain the finding of guilty.

Appellant filed a special plea of insanity under §9-1701, Burns' 1956 Replacement, and the insanity issue is the only one argued on appeal.

Where an accused files a special plea that he was of unsound mind at the time the offense charged was committed, and there is a conflict of evidence on this issue, the State is required to prove beyond a reasonable doubt that the appellant was of sound mind at the time the offense was committed. *Walters* v. *State* (1915), 183 Ind. 178, 108 N. E. 583; *McHargue* v. *State* (1923), 193 Ind. 204, 139 N. E. 316; *Noelke* v. *State* (1938), 214 Ind. 427, 432, 15 N. E. 2d 950. If such special plea has been filed and there has been some evidence upon this question, the State then must prove:

> "1. That the accused could know and comprehend the nature and consequences of his act. The nature of the act embraces knowledge on his part that the act was wrong, for if the accused be unable to distinguish right from wrong he would not know the nature of his act.
> "2. That the accused had sufficient will power to control his impulse to commit the act charged.

If the State fails to prove either requirement beyond a reasonable doubt there has been a failure of proof on this issue." *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185, 193.

After a conviction this court does not weigh the evidence nor judge the credibility of the witnesses, but rather considers only that evidence most favorable to the State and the reasonable inferences drawn therefrom to determine whether there was a failure of proof. *Kallas* v. *State* (1949), 227

Ind. 103, 83 N. E. 2d 769; *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922; *Coppenhaver* v. *State* (1903), 160 Ind. 540, 67 N. E. 453.

In this cause the court appointed two physicians to examine the defendant. Dr. Rogers Smith, of Indianapolis, a specialist in mental and nervous diseases for 35 years, testified on direct examination that in his opinion on the date of the crime, "He was of sound mind." On cross-examination Dr. Smith was asked, "Could it be possible that on January 18, 1957, prior thereto, shall we say, about the first of February, could it be possible that this defendant began to have another fit of schizophrenia. . . . that he became well again in February and March?" To which he answered, "Well, I think that is highly improbable, . . ."

Dr. DeWitt Brown, a physician specializing in neurology and psychiatry, also examined the defendant and testified upon direct examination, "I found no evidence that Mr. Burton was mentally ill at the time of this alleged offense on the 18th of January, 1957, nor did I find any evidence that he was mentally ill at the time of my examination." "My opinion, he knew the difference between right and wrong, would have been able to adhere to the right had he so desired . . ."

The finding was sustained by sufficient evidence and was not contrary to law. There was no error in overruling the motion for a new trial.

Judgment affirmed.

Bobbitt, Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 838.