JACKSON, ALIAS WARREN, ETC. *v.* STATE OF INDIANA.

[No. 29,593. Filed June 10, 1958.]

*Melville E. Watson,* of Greenfield, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with the crime of murder in the second degree and found guilty of the offense of voluntary manslaughter. This is an appeal from that judgment. The error assigned is the overruling of the motion for a new trial. The only causes set forth in the motion for a new trial, discussed in appellant's argument section of the brief, are:

"1. That the verdict of the jury is not sustained by sufficient evidence.

"2. That the verdict of the jury is contrary to law."

These points boil down to the contentions that the appellant committed the killing in self-defense.

On appeal we do not weigh or sift the evidence, selecting what we think is believable and rejecting what we think is not credible. We review the evidence only to determine if it is sufficient to sustain the verdict.

The evidence shows that the appellant was at the home of Otis Roberts on the Sunday evening the decedent, Joshua Jackson, was killed. The parties were all drinking intoxicating liquor. The deceased called the appellant into his room. Some time after that she came out of the deceased's room and told Roberts she had cut or stabbed the deceased. The deceased was left dying on the bed in the room. The evidence shows that his throat was cut. She later told police officers that the deceased had threatened her with a gun and she seized the knife and stabbed him in self-defense. No gun was ever discovered in the deceased's possession or on the premises. None of the persons present in the house at the time heard any turmoil or fighting in the room where the deceased and the appellant were prior to the killing. There was some conflict in the details of her story and those of the witnesses. At

the trial she testified that she and the deceased were standing at the doorway, he theatening her with a gun, when she stabbed him.

It is apparent that the jury disbelieved her story of self-defense. For the jury to have accepted this story, it would have been necessary for them to believe that the deceased had a gun and to believe her statement that she saw a gun which the deceased had. There was no corroborative evidence to support this part of her story, since no gun was ever found which the deceased could have possessed at the time he was killed.

In *Schlegel* v. *State of Indiana* (1958), 238 Ind. 374, 150 N. E. 2d 563, the jury there had the choice of believing or not believing the appellant's testimony with reference to self-defense, although it accepted other parts of the appellant's story of how the killing occurred. This court said in that case:

> "The jury was not compelled to believe appellant's testimony that he shot the deceased in self-defense; and under the circumstances here, it was for them to determine from all the evidence whether it was reasonably necessary for appellant to fire the shots at the deceased in defense of himself.
>
> . . . . . .
>
> "There is sufficient evidence, if believed by the jury, to sustain its verdict and it is not within our power to weigh the evidence or to say what testimony the jury should have believed."

A jury is not compelled to accept a defendant's statement or confession in toto and without discrimination, but on the other hand is entitled to apply the ordinary tests of reasonable credibility to any part or all of the defendant's story. A jury may accept or reject any part of a confession or admission and in doing so may apply the normal tests for de-

termining its probative value. However, the *corpus delicti* must be established by independent evidence aside from the admissions of the defendant. The evidence showing the violence which caused the death of the deceased in this case was sufficient to establish the *corpus delicti,* independent of any statement made by the appellant. *Brower* v. *State* (1956), 236 Ind. 35, 138 N. E. 2d 237; *Martin* v. *State* (1957), 236 Ind. 504, 141 N. E. 2d 455; *Shively* v. *State* (1957), 237 Ind. 17, 141 N. E. 2d 921.

The evidence was sufficient to support the verdict.

The judgment is affirmed.

Bobbitt, C. J., and Landis, Achor and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 141.