BROWN *v.* STATE OF INDIANA.

[No. 29,661. Filed December 17, 1958. Rehearing denied February 10, 1959.]

John N. Stanton, of East Chicago, and T. Cleve Sten-house, of Crown Point, for appellant.

Edwin K. Steers, Attorney General, and Owen S. Boling, Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a criminal prosecution in which the defendant was convicted of murder in the first degree and given a death sentence. The charge alleged death by strangulation in the per-

petration of a robbery on August 18, 1956. The errors assigned are first, the overruling of appellant's motion for a new trial and secondly, that "Appellant's trial was without due process of law, in violation of the Fourteenth Amendment to The Constitution of the United States of America."

The latter assignment sets out no particulars concerning any such violation. The portion of appellant's brief devoted to that specification deals with alleged errors which properly belong in a motion for a new trial. Appellant further fails to point out that any timely objections were made in the trial court in order to save the alleged error for consideration on appeal. It is a fundamental principle that a party may not sit by during a trial and make no objection or complaint, await the outcome of the trial, and if unfavorable, then claim error which could have at the time been promptly called to the attention of the trial court. A trial court should be given the opportunity to correct its own mistakes before asking a review from a court of appeals.

The appellant filed a special plea of not guilty by reason of his insanity at the time of the offense charged. Most of the alleged "fundamental unfairness to defendant" deals with the evidence under this issue. The evidence showed that at one time he was confined in the Dr. Norman N. Beatty Hospital, and although the medical and mental experts in their testimony recognized his sexual deviations, regrettable to say, he was released on such an expert's recommendation from the Beatty Hospital on October 10, 1955. One of the complaints made by the appellant was the introduction of certain evidence by certain witnesses with reference to rape and attempted rape by appellant

upon girls walking home at night from work, which occurred after this release. There was also other testimony offered by medical and mental experts with reference to his sexual proclivities and mental condition. All such evidence was competent under the issue of insanity. The evidence was conflicting upon this issue and it was ample to support the jury's finding that he was a person of sound mind. We have no right to disturb a jury's findings when supported by evidence. *Burton* v. *State* (1958), 238 Ind. 107, 148 N. E. 2d 838; *Jackson* v. *State* (1958), 238 Ind. 365, 151 N. E. 2d 141.

Items 1 and 2 of the motion for a new trial contend that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Item 3 claims error on the ground that the court permitted the admissions and confessions of the appellant to be introduced in evidence before there was any independent proof made of the corpus delicti. It is well settled the order of proof is within the sound discretion of the trial court. Sometimes, because of the nature of the testimony, it cannot be easily separated and presented in strictly logical sequence. There appears to be no abuse of such discretion here. 8 I. L. E., Criminal Law, sec. 185, p. 281; *Shively* v. *State* (1957), 237 Ind. 17, 141 N. E. 2d 921, (Cert. Den. 78 S. Ct. 273, 355 U. S. 898, 2 L. Ed. 195.)

Item 4 claims error on the ground that State's Exhibit No. 16 (the defendant's signed confession) was admitted in evidence over the objection of the appellant. There is no evidence or contention made that the confession was coerced, or obtained in violation of due process. It is, however, urged that the corpus delicti was not proved and therefore, since the confession was

not properly corroborated, it was not admissible evidence against the appellant.

The confession of the appellant, if competent evidence, amply sustains the verdict; but because of the extremity of the penalty inflicted we are constrained to review the evidence particularly as to whether or not the extrajudicial confession is adequately corroborated by independent evidence. The rule requiring proof of the corpus delicti of a crime has its origin and basis in the hesitancy of the law to accept without adequate corroboration, the confession of a defendant (extrajudicial) unless it be one made in open court—as a plea of guilty. Corpus delicti has been defined as "The body of a crime. . . . In a derivative sense, the substance or foundation of a crime; the substantial fact that a crime has been committed." Black's Law Dictionary, 4th Ed., p. 413.

> "In Indiana the independent evidence alone need not be sufficient to establish the *corpus delicti* beyond a reasonable doubt, but there must be some evidence of probative value aside from the confession to prove that the crime charged was committed." *Parker* v. *State* (1949), 228 Ind. 1, 7, 88 N. E. 2d 556, 89 N. E. 2d 442.

A dead body alone is not proof of the corpus delicti in a homicide case; but an identified dead body with marks of violence thereon or surrounding circumstances that would indicate the deceased did not die from natural causes establishes prima facie that a homicide has been committed and the corpus delicti. *Wahl* v. *State* (1951), 229 Ind. 521, 98 N. E. 2d 671; *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *Commonwealth* v. *Lettrich* (1943), 346 Pa. 497, 31 A. 2d 155; *McVeigh* v. *State*, 205 Ga. 326, 53 S. E. 2d 462; *Osborn* v. *State*, 86 Okla. Crim. 259, 194 Pac. 2d 176.

Likewise, the corpus delicti in an arson case is not established by the burning of a building alone, but additional independent evidence is necessary to show it was intentionally set afire in violation of the law. *Simmons* v. *State* (1955), 234 Ind. 489, 129 N. E. 2d 121.

In other words, the independent evidence must be of such a character that reasonable inferences may be drawn to support a conclusion that a crime of the nature and character charged has been committed by someone.

A review of the evidence for this purpose shows that prior to the introduction of the confession the State offered evidence of George Grigonis, the husband of the victim alleged to have been murdered, which showed that on August 17, 1956, his wife had left her home about 9:00 o'clock in the morning in the family car to go to her beauty parlor which she operated between 44th and 45th Street on Broadway in Gary, Indiana; that about 7:00 o'clock in the evening she called her husband and said to get their ten year old son ready to go out to dinner and a movie. She was 29 years of age, in good health and at the time she left home was wearing a white uniform and a western style leather purse with shoulder straps. Upon her failure to return home that evening her husband called his brother and they together made a search for her. They found the beauty shop locked and later found her car on U. S. Highway 6. It was eight months later that her body was found near a roadside under a pile of stone and trash. The body was positively identified by reason of the clothing, dentures, a brooch pin and other personal effects found with it. The husband further identified certain personal items of his wife, including the remains of the leather purse, First Federal Savings and Loan

account book and the remnants of a small money wallet and other personal possessions buried on the premises where the appellant was living at the time of the disappearance of Mrs. Grigonis.

The deputy sheriff stated that on April 29, 1957, the appellant Brown, while confined in jail on other charges, admitted that he had picked up a woman on Road 6 who was having car trouble on a rainy evening of August 17, 1956. He told the sheriff that he grabbed the shoulder straps on the purse she was carrying to take it and she hit him and started screaming; that he heard someone coming. He choked and strangled her until blood ran out of her nose and mouth and she stopped breathing. He then dragged her body out of the car and pushed it under the embankment and covered it with pieces of concrete. He later returned and dumped trash over the spot to conceal the body. He told the sheriff that he found about $250 in the pocket book and that he bought a car with the money the next day. Of course, the confession to the deputy sheriff does not go to prove the corpus delicti.

However, one of the savings account books of Mrs. Grigonis revealed she had withdrawn $203.55 on August 14, 1956. A car salesman testified that the appellant paid $200.00 cash for a 1950 Oldsmobile on August 18, 1956.

Appellant showed the sheriff where he had attempted to destroy by burning and burying the bank book, pocket book and a pair of his own shorts, which were stained. The officer discovered these items buried in the yard at the place appellant was living at the time of the disappearance of Mrs. Grigonis.

The body was found at the spot he described under

a pile of stone a few feet from a dirt road with other trash dumped thereon.

We have, therefore, the following independent evidence relating to the proof of the corpus delicti: The finding and identification of the body of the ██ alleged victim about eight months after she disappeared. It was not buried in the customary manner but was decomposed and under a pile of stone and trash, obviously concealed by some person. Any reasonable person would come to the conclusion that she had been killed or murdered by someone who had concealed the body. To say otherwise would incur ridicule from the average person. A strong inference that a homicide had been committed was raised by these facts alone.

The argument that the appellant led officers to the discovery of other evidence and therefore that other evidence so discovered is part of the confession, is not a correct statement. It is true the confession is corroborated and supported by the existence of and the discovery of the body and the personal belongings, part of which were found where the body was discovered, and part also at the spot where the appellant claimed he buried some of them on the premises where he was then living. These physical items, when discovered, constitute independent evidence in themselves, whether their discovery results from statements of the appellant or from some other source or accident. These items of evidence stand independently as circumstantial proof of the crime charged. In *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570, we held that evidence of the discovery of the weapon used in a murder through the directions of the defendant was such independent evidence and was admissible, regardless of the competency of a confession.

Circumstantial evidence is sufficient to prove the corpus delicti.

In *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442 this court said, at p. 12:

". . . To dispel any doubt upon the subject, we now hold that the independent, corroborative evidence of the *corpus delicti,* necessary if an extra-judicial confession is to be used, may be circumstantial."

The resulting decision in that case is to be distinguished mainly upon the point that the body of the alleged victim was never identified. In the case before us the dentures and articles of clothing and personal belongings with the body were positively identified, as well as part of the personal property of the victim buried on the premises at the home of the appellant.

In this case the independent evidence aside from the confession implicated the defendant personally and went further in that respect than was necessary under the requirements of proof of the corpus delicti. The victim's wallet and other personal belongings were found buried at the place where the appellant lived. The pocket book and other items bore evidence of an attempt to destroy them. A legitimate inference may be drawn that there was an attempt by appellant to conceal or to destroy incriminating evidence and that a pocket book and wallet are used normally to carry money therein. The possession of stolen goods has always been deemed circumstantial evidence of the criminal taking of the property. *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856, 137 N. E. 53; *Mason* v. *State* (1908), 171 Ind. 78, 85, N. E. 776; *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759; *Johnson* v. *The State* (1897), 148 Ind. 522, 47 N. E. 926; *Clackner* v. *The State* (1870), 33 Ind. 412; *Lee* v.

*State* (1901), 156 Ind. 541, 60 N. E. 299; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546.

"The corpus delicti need not be shown by direct evidence; that is, there need not necessarily be proof of the loss of property by theft, *distinct from the facts showing that property found in the defendant's possession was wrongfully taken from the owner thereof*. Proof *of the act* is not necessary where the circumstances can only be explained by a *felonious act*." (Our italics.) 1 McClain, Criminal Law Sec. 612.

The above statement is quoted with approval in *Mason* v. *State, supra,* and *Rosenberg* v. *State, supra,* and a statement to the same effect may be found in *Evans* v. *State, supra*.

A felonious taking may constitute robbery, burglary, larceny or a number of other crimes of that nature and character upon more specific proof. They, however, all have a common characteristic, namely a wrongful or felonious taking. It is not necessary to prove specifically *how* the property was taken in making out the corpus delicti in crimes of that character if the described property is shown to have been feloniously taken, and unexplained in the possession of one not the owner. When the corpus delicti is once proved then the confession becomes admissible for the purpose of proving the details of the felonious taking as charged, beyond a reasonable doubt, as required for a conviction.

It is urged on behalf of the appellant that proving the corpus delicti means not only proving, in this case, that a felonious homicide was committed by someone, but that the "specific" crime as charged must be proved, namely a robbery, before the confession is admissible.

The appellant was charged with first degree murder which may be committed in a number of different ways.

He was specifically charged with committing the first degree murder while in the perpetration of a robbery. The Statute reads:

"Whoever purposely and with premeditated malice, or in the perpetration of or attempt to perpetrate a rape, arson, robbery, or burglary, kills any human being, is guilty of murder in the first degree, . . ." Burns' Indiana Statutes Anno. (1956 Repl.) Sec. 10-3401.

It is suggested that the prosecuting attorney should have charged the defendant *only* with killing the decedent purposely and with premeditated malice" instead of murder in the perpetration of a robbery in this case, and says "then the evidence would have established the corpus delicti." Under the statute in this state killing "with premeditated malice" is as much a separate or "specific" crime as killing to perpetrate a robbery. Premeditation is as much an essential element which must be proved as is robbery in the crime charged in this case. For premeditation there must be sufficient time elapse after the formation of the intent to kill to deliberate thereupon. *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680; *Heglin* v. *State* (1957), 236 Ind. 350, 140 N. E. 2d 98.

There is no more reason to say you can eliminate the proof of premeditation in this case than to say you can eliminate the proof of robbery to prove the corpus delicti and thus make the confession admissible. The fact is, however, the circumstantial evidence in this case, of robbery to be drawn from the finding of the remains of the pocket book and personal effects of the victim on the premises where the appellant lived, is stronger than that of any premeditation, because there is no evidence of the latter.

If a charge of premediated murder or manslaughter

or second degree murder had been charged here we would have been confronted with the same contention, namely, that the specific crime charged had not been proved under the corpus delicti because each crime is distinguished by a particular intent and mental condition. Thus the corpus delicti as to the specific crime could never be proved by independent evidence in cases of this sort where the body of a victim is found who has apparently been feloniously killed. Is the law so helpless that it cannot use a confession in a case such as this for trial and conviction after proof of a felonious killing?

Although this court has said at times that the "specific" crime charged must be proved within the ▇ corpus delicti before confession is admissible, in actual operation it has not so applied the rule.

An identical case in point is *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570. In that case a housewife at home alone was attacked by the defendant. She was found dead of a gunshot wound. He confessed to an attempt to rape her and a number of other women in the neighborhood about the same time. He was charged in the first count with premeditated murder and a second count with murder in the attempt to rape and found guilty of the latter. Aside from his confession there was no independent evidence of any attempted rape. However, this court held that the corpus delicti of the "specific" crime charged was proved.

Upon the admission of the confession in evidence showing the sexual crime, evidence of similar rapes in the neighborhood by the defendant became admissible. However, until the confession was admitted there was no evidence of any sexual crime. The court said (p. 100) :

"It is also argued that the *corpus delicti* as to the second count was not proved. The *corpus delicti* can be proved by either direct or circumstantial evidence (cases cited). Certainly the evidence above set out was sufficient to establish the *corpus delicti* as to each count of the indictment."

We point out also that there was no evidence of premeditated murder in the proof of the corpus delicti in that case. It would seem that proof of the "specific" crime charged does not in its operation and application to the actual facts in a case mean what is now urged to be the case.

Again in *Hunt* v. *State* (1956), 235 Ind. 276, 133 N. E. 2d 48, this court held the corpus delicti was proved under a charge of first degree murder with premeditated malice, (instead of murder in the perpetration of a rape or robbery). The independent evidence did not show any premeditated malice or any period of time had elapsed for the formation of a deliberate plan to kill by the defendant. The corpus delicti showed only that the victim was found dead, killed by stabbing. There was no evidence to distinguish the death from manslaughter, second degree murder or the "specific" crime of murder with premeditated malice as defined by the statute. The evidence only showed a felonious killing which might have been any one of the "specific" crimes of murder or manslaughter so defined by the statute, yet the court said in considering the question as to the proof of the corpus delicti (p. 280) :

"The police officer had previously described the position and condition of the decedent in the upstairs bedroom, and from this evidence the court and jury had the right to draw the reasonable inference that someone had *feloniously killed him.*" (Our italics.)

Of course, that is not proof of the specific crime of premeditated murder.

Again the same result occurred in *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. The conviction there was second degree murder. The body of a husband and wife were found in their car at the bottom of a gravel pit. Wounds showed they had been shot. A brother-in-law admitted he killed them in self defense. The corpus delicti failed to show there was a purposeful and malicious intent to kill which is necessary under the "specific crime charged" of second degree murder to distinguish it from manslaughter or first degree murder. This court said:

> "We believe this evidence is sufficient to show that the crime charged in the indictment herein was actually committed by someone."

Under these circumstances, one wonders, when a rule is stated one way and applied in another, if it is not time to correctly state the rule as it is actually and sensibly applied to the facts in a case.

In *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534, we again have this court saying one thing and doing another. There the defendant was charged with murder in the first degree in the perpetration of a robbery. He was found guilty of the charge and on appeal raised the issue that the "specific" crime had not been proved before his confession was admissible.

The independent evidence merely shows that the deceased was found shot in his liquor store about 10:00 P.M. The cash register was open but money was still in it. The owner of the store testified when he left the deceased in charge of the store about 5:00 P.M. there was money in the cash register but he could not say anything has been taken. The medical testimony was

conflicting as to whether it would have been possible for the deceased to have shot himself.

This court confronted with the same question as we have here said (p. 691) :

". . . We agree with appellant that *'Generally speaking* the term "corpus delicti" means that the specific crime charged has actually been committed by someone.' (Our italics.) . . . There is sufficient evidence in the record to prove the corpus delicti."[1]

The court held the confession which showed the killing was done in the perpetration of a robbery was admissible since the corpus delicti was proved.

In *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563, the evidence showed that a box car had been broken into and property taken. There was no evidence as to the exact ownership of the property taken other than the confession of the defendant. The court held, however, that the corpus delicti had been proved and the confession sufficiently corroborated by independent evidence. The court said in that case (p. 558) :

"We are mindful of the rule that the extrajudicial confession of a defendant is not alone sufficient to make out the *corpus delicti,* and that as applied to a prosecution for larceny it is required that there must be proof of the commission of the particular larceny charged. We deny, however, that such is the operation of the rule that the confession of the defendant cannot in any case be used to accelerate the force of inferences concerning the fact of ownership, or that his confession cannot be considered, along with proper corroborative evidence, in determining whether the fact of the commission of the crime charged has been made out."

---

1. The opinion as reported, for some reason, does not set out the evidence. We have gone to the transcript and original files to satisfy ourselves as to the independent evidence set forth above upon which the court decided whether or not there was any evidence of a robbery or merely a felonious killing without motive.

We need not take time to examine more cases. Suffice it to say the above cases and others leave the law in some uncertainty with thoughtless dicta too often repeated, that in proving the corpus delicti the "specific crime charged" must be proved, and as it is said in some cases, "beyond a reasonable doubt." *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *Contra, Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Joseph* v. *State* (1957), 236 Ind. 529, 141 N. E. 2d 109; *Shively* v. *State* (1957), 237 Ind. 17, 141 N. E. 2d 921.

However, when the cases are actually examined on the facts the rule is not applied with the extreme meaning urged to be drawn from the dicta. In actual operation under the rule, in the proof of the corpus delicti in any felonious homicide case, it is sufficient to prove only that an identified victim has been "feloniously killed" under any of the "specific" crimes charged. No case has been called to our attention similar to the one before us where there has been a different holding on the facts. General authorities support the view we express. 2 Warren on Homicide, sec. 184, p. 169; Michie, Homicide, Vol. 1, sec. 143, p. 573; Miller on Criminal Law, sec. 82 (d) p. 254.

It is the rule as actually applied—not the one to which lip service is paid on occasions, which is controlling here. It is time the law be made definite and certain in this respect instead of saying one thing and doing another. In recognizing the factual application of the law we are not changing it, but rather making its language conform to its operation in fact, thus making it definite and not again leaving it in uncertainty.

The basic policy behind the requirement of proof of

the corpus delicti has been stated to be one of ▮ caution in the acceptance of extrajudicial confessions without corroboration and nothing more.

In *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563, it is said, at p. 559:

"We think that the rule concerning the *corpus delicti* is largely one of caution, and that where the corroborating circumstances so far supplement the confession as to make it clear that the crime charged was committed, a conviction should not be overthrown for the want of evidence." See Annotations 45 A. L. R. 2d 1316 and 127 A. L. R. 1130.

". . . Inasmuch as each case must depend on its own peculiar circumstances, no universal and invariable rule can be laid down as to the character and sufficiency of evidence necessary to establish the corpus delicti beyond saying that there must be proof, first, that a certain result has been produced, as that a man died, a building has been burned, or a piece of property is not in the owner's possession, and, second, that someone is criminally responsible for the result. Sufficient proof of both of these elements must be made." 20 Am. Jur. Evidence, sec. 1230, p. 1083, 1084.

To hold otherwise would compel an acquittal where a defendant's confession was corroborated beyond the doubt of a reasonable person yet not every specific allegation of the crime charged was supported by independent evidence.

The purpose of requiring the proof of the corpus delicti in a criminal case is none other than to corroborate a confession before it is admissible. *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908. No other reason has been pointed out for the rule. When it serves that purpose there is no reason for extending it further, thus needlessly creating a techni-

cality without any purpose or merit. Reason is the life of the law and when there is no reason for a rule there is nothing to sustain it. VII Wigmore on Evidence (3rd Ed.) sec. 2070, p. 393.

Proof of the corpus delicti should not be confused, as it sometimes is, with the recognized requirement in all cases that the state must prove beyond a reasonable doubt all the material allegations as charged. To so hold would give a meaning to the term synonymous with the regular proof sufficient for a conviction. A confession would be of little value in a criminal prosecution if the entire crime first had to be proved in all its details by independent evidence entirely outside a confession or admission. Proof of the corpus delicti sufficient to corroborate a confession and make it admissible does not relieve the state of the burden of proving the crime as charged beyond a reasonable doubt. However, a confession may be used for that purpose, as in the case before us, after the corpus delicti has been proved.

Vicious murders committed in the commission of rape, robbery and like offenses as the cases reveal, are generally committed in secret and without witnesses. Many times the body is found later, as in this case. There are no witnesses to prove the premeditation, the rape, or the robbery, although the defendant, as here, confessed to such a crime and was amply corroborated. Is the law so tied down with technicalities that it can not convict in such cases as this, although the crime is admitted, the body is discovered buried at the place described by the appellant and the personal effects of the victim including her pocket book buried on the premises where the appellant was living at the time? Very few if any such criminals could ever be successfully convicted under such hamstringing of the law if

the rule for the proof of the corpus delicti to the extent urged by the appellant were invoked here.

What is the merit or purpose to be served in giving such extreme meaning to the rule that the specific crime in its exact detail must be first proved before a confession is admissible? Those arguing on behalf of the appellant have failed to point out any merit or purpose to be served. On the other hand such extreme meaning offers only an additional or super technicality or loophole for the escape of a confessed criminal whose crime has been corroborated.

Society is entitled to some consideration in the prosecution and conviction for crime. A trial should not be turned into a battle of wits over technicalities that have no merit. Courts, as it is, receive too much undeserved criticism for upholding so-called technicalities, which are based, rightfully, on the constitution and other sound reasoning, without the law manufacturing more technicalities that have no merit or worth.

We hold that under any charge of felonious homicide the corpus delicti may be proved by showing by independent evidence that a felonious killing, not inconsistent with that alleged, was committed upon the victim identified and named in the indictment, and it is not necessary to prove specifically how the killing was accomplished for the purposes of the corpus delicti, although it is necessary to make such proof beyond a reasonable doubt for the conviction.

In the case before us there was evidence, independent of the confession, from which any reasonable person might conclude that a felonious homicide of an identified victim was committed. There was even additional inferential evidence of robbery from the finding of the victim's personal effects, including her pocket book,

buried on the premises where the appellant lived at the time. This was sufficient to prove the corpus delicti and make the confession admissible. The evidence sustains the verdict and it not contrary to law.

The judgment is affirmed.

Achor, J., concurs.

Landis, C. J., concurs in result.

Emmert, J., concurs in part with separate opinion.

Bobbitt, J., dissents with opinion.

### CONCURRING OPINION

EMMERT, J.—I agree that there was sufficient proof of the *corpus delicti* to admit into evidence appellant's confession, but I cannot concur in the majority opinion defining proof of the *corpus delicti* before the admission of a confession.

In *Parker* v. *State* (1949), 228 Ind. 1, 6, 88 N. E. 2d 556, 89 N. E. 2d 442, we reversed the judgment because of failure to prove by some evidence of probative value that the crime charged was committed by someone before appellant's confession was introduced in evidence. We there held:

"Proof of the *'corpus delicti'* means proof that the specific crime charged has actually been committed by someone. *Hawkins* v. *State* (1941), 219, Ind. 116, 129, 37 N. E. 2d 79; *Hunt* v. *State* (1939), 216 Ind. 171, 178, 23 N. E. 2d 681; 1 *Wharton's Criminal Law* (12th Ed.), §347, p. 450; 14 Am. Jur., Criminal Law, §6, p. 58, 23 C. J. S., Criminal Law, §916, p. 181."

This definition reaffirmed the law of Indiana on *corpus delicti,* and is as clear and concise as language could make it. There is no occasion to borrow from the confusing language of other authorities, and if the policy of *stare decisis* is to mean anything, the rule

should not be changed. There is good reason for the Indiana rule, and the reason still exists. The well considered precedents of this court should remain the law of Indiana.

We reaffirmed the rule of the Parker case, *supra*, in *Dennis* v. *State* (1952), 230 Ind. 210, 216, 102 N. E. 2d 650; *Simmons* v. *State* (1955), 234 Ind. 489, 492, 129 N. E. 2d 121; and *Taylor* v. *State* (1957), 236 Ind. 415, 421, 140 N. E. 2d 104. See also 8 Ind. Law Enc. p. 339, §266. I cannot agree that preliminary proof of the *corpus delicti* sufficient to admit a confession can be made by independent evidence from which an inference may be drawn that a crime of the nature and character charged has been committed by someone. To permit this would be to open the door to proof of a crime not charged as a basis for admitting a confession of the crime charged.

### DISSENTING OPINION

BOBBITT, J.—I dissent from the opinion written herein by Judge Arterburn in its entirety.

*First:* Robbery must be shown by competent evidence, other than the extrajudicial statements of appellant, to prove the corpus delicti under the indictment in this case.

The appellant herein was charged and convicted with the killing of one Mildred Grigonis *while robbing her of $250 in money.*

The principal question raised by appellant is that there is not sufficient evidence, independent of his extrajudicial confession and statements, to establish the corpus delicti.

Without citing any authority for the statement, the opinion by Judge Arterburn says that in order to estab-

lish the corpus delicti "the independent evidence must be of such a character that reasonable inferences may be drawn to support a conclusion that a crime of the nature and character charged has been committed by someone."

I agree that there is sufficient independent evidence from which it might be inferred that Mildred Grigonis was murdered. If appellant had been charged with killing the decedent purposely and with premeditated malice, then the evidence would have been sufficient to establish the corpus delicti. But appelant was not charged with premeditated murder, but with *killing while perpetrating a robbery* on the deceased named in the indictment.

Acts 1941, ch. 148, §1, p. 447, being §10-3401, Burns' 1956 Replacement, defines two specific and distinct crimes (1) killing a human being purposely and with premeditated malice; and (2) killing a human being while "in the perpetration of or attempt to perpetrate a rape, arson, *robbery*, or burglary." (My italics.)

It is not denied that appellant was charged and convicted of killing *while in the perpetration of a robbery.* Hence, robbery is an essential element of the crime and must be shown with the same degree of proof as the killing. The robbery charged is as much a part of the corpus delicti as is the killing. Unless both are present appellant's conviction cannot be sustained.

In order to establish the corpus delicti in this case it was necessary for the State to show by competent evidence, other than and independent of appellant's extra-judicial confession or statement, that Mildred Grigonis was killed by someone while he was in the act of perpetrating a robbery.

Even the State in the argument section of its brief

recognizes that the corpus delicti in this case is "the commission of murder in the perpetration of robbery."

As early as 1855 this court in *Stocking* v. *The State* (1855), 7 Ind. 326, in determining the corpus delicti where the body of the victim was burned in a fire, recognized that in order to establish the corpus delicti it was necessary to prove that the specific crime charged was committed by someone, when at page 330 it said:

> "Looking at the evidence in the record, we have no reason to doubt that the human body seen in the flames was the body of *John Rose*."

In *Griffiths* v. *The State* (1904), 163 Ind. 555, 72 N. E. 563, which case is relied upon to support the judgment herein, the rule is stated that in order to establish the corpus delicti it is necessary to "make it clear that *the crime charged* was committed."[1] Also, at page 558 of 163 Ind., this court said:

> "We are mindful of the rule that the extrajudicial confession of a defendant is not alone sufficient to make out the *corpus delicti*, and that as applied to a prosecution for larceny it is required that there must be proof of the commission of the *particular larceny charged*." (My italics.)

In *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565, appellant was convicted of rape. In considering the sufficiency of the evidence to sustain the conviction this court, at page 217 of 176 Ind., said:

> "Two things were necessary to be proved beyond a reasonable doubt before appellant could be convicted, namely the *corpus delicti*—the fact that the *crime of rape* had been committed *on the child*—and the agency of appellant in the commission of that crime." (My italics.)

---

1. See quotation from *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563, in Judge Arterburn's opinion.

In *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580, appellant was charged with the crime of burglary by breaking and entering into the dwelling house of Andrew Heilman. This court there held that there was no evidence independent of appellant's confession tending to show that a burglary was committed by breaking into the house of Andrew Heilman, and the case was reversed for failure to prove the corpus delicti. Had the rule as stated by the majority opinion been in effect at that time, this case would have been affirmed because there was independent evidence that a burglary had been committed—a crime of similar nature to the one charged—but no evidence that the specific crime charged in the indictment had been committed.

In *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681, the appellant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor. He contended that there was no competent proof of the corpus delicti. After stating, without citation of authority, that "the *corpus delicti,* as used in the criminal law, means the fact that a crime has been committed," this court further said, at page 178 of 216 Ind.:

> "In a case like the one at bar the *corpus delicti* would be established, we think, by proof beyond a reasonable doubt that a motor vehicle was operated on a public highway of this state, and that the operator thereof was at the time under the influence of intoxicating liquor. Such a showing, when coupled with proper proof of the identity of the accused, would make out a *prima facie* case of guilt."

In *Hawkins* v. *State* (1941), 219 Ind. 116, 129, 37 N. E. 2d 79, this court, citing 14 Am. Jur., Criminal Law, §6, p. 758, as authority for the statement, said:

> " 'Generally speaking, the term "corpus delicti" means, when applied to any particular offense, that

the specific crime charged has actually been committed by someone.' "

The question as to the proof of corpus delicti was again raised in *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546, and at page 432 of 224 Ind., this court reaffirmed the rule as stated in *Hawkins* v. *State, supra.*

While in *Schuble* v. *State* (1948), 226 Ind. 299, 301, 79 N. E. 2d 647, it is said, "Corpus delicti means the fact that a crime has been committed," citing *Hunt* v. *State, supra* (1939), 216 Ind. 171, 23 N. E. 2d 681, the court actually found that the corpus delicti had been proven because there was proof that the *specific crime charged* in the indictment had been committed by someone.

In *Parker* v. *State* (1950), 228 Ind. 1, at page 6, 88 N. E. 2d 556, in an opinion by the same judge who wrote *Schuble* v. *State, supra,* the rule which this court has followed since 1855 was succinctly stated as follows:

"Proof of the *'corpus delicti'* means proof that the specific crime charged has actually been committed by someone."

This rule was reaffirmed in *Dennis* v. *State* (1952), 230 Ind. 210, 216, 102 N. E. 2d 650; *Simmons* v. *State* (1955), 234 Ind. 489, 492, 129 N. E. 2d 121; *Hunt* v. *State* (1956), 235 Ind. 276, 280, 133 N. E. 2d 48; *Taylor* v. *State* (1957), 236 Ind. 415, 140 N. E. 2d 104, 108; and *Joseph, Pierce* v. *State* (1957), 236 Ind. 529, 542, 141 N. E. 2d 109.

Ewbanks Ind. Cr. Law, Symmes Ed., Evidence, §392, p. 243, defines corpus delicti as "The term 'corpus delicti' means proof that *the crime charged* has been committed by someone, . . ."

26 Am. Jur., Homicide, §6, p. 159, defines corpus

delicti as: "The term 'corpus delicti' means the body of *the* offense; the *substance* of *the* crime." (My italics)

In 23 C. J. S., Criminal Law, §916, p. 182, it is said:

"The corpus delicti cannot be presumed. To sustain a conviction the evidence must be sufficient to establish the corpus delicti, that is, *to show the commission of the crime charged.*" (My italics.)

"The offense"—"the crime"—as used above, can mean only the crime charged in the particular case under consideration.

If the rule were otherwise the State would then be permitted to prove a crime without proving one of the essential elements, that is, that the particular crime charged was committed by someone. Proof only of a crime of the "nature and character charged" would not satisfy any of the rules as established by the foregoing authorities.

As recently as March, 1956, speaking through Judge Arterburn, we recognized again the rule that proof of corpus delicti means that the crime charged was committed by someone, in *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908, where it was alleged that there was no proof of the corpus delicti aside from appellant's extrajudicial confession, and at page 275 of 235 Ind., said:

"It is well established law, not only in Indiana but practically all jurisdictions where the common law prevails, that the state cannot prove the commission of a crime by the extrajudicial confession alone of a defendant. To hold otherwise runs counter to the generally accepted principles of the common law, that one may not be induced to convict himself. *The crime* or the *corpus delicti* must be established by some independent, additional, or corroborative evidence of probative value, aside from the confession alone. *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Gaines*

v. *State* (1921), 191 Ind. 262, 132 N. E. 580; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565; Underhill's Criminal Evidence, 4th Edition, §36, pp. 42, 43; 23 C. J. S., Criminal Law, §916c, p. 185." (My italics.)

In *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534, (Cert. denied, 340 U. S. 944, 95 L. Ed. 681, 71 S. Ct. 502), the appellant *was charged with killing* one Lloyd Lawson Abbett *in an attempt to perpetrate robbery.* Appellant contended that the corpus delicti was not proven. In that case this court again reaffirmed the rule on proof of corpus delicti as stated in *Hawkins* v. *State, supra* (1941), 219 Ind. 116, 37 N. E. 2d 79, and at page 692 of 228 Ind., said:

"We think, in the case at bar, the *corpus delicti* would be proved when the evidence tended to prove that Lloyd Lawson Abbett was shot and killed at the time and place and in the manner charged in the first count of the indictment. *Hunt* v. *State* (1939), 216 Ind. 171, 178, 23 N. E. 2d 681; *Schuble* v. *State* (1948), 226 Ind. 299, 301, 79 N. E. 2d 647; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546."

In the Hansbrough Case the accused was charged with the same crime—killing a human being while attempting to perpetrate a robbery—as is the appellant herein, and it seems to me that if it were necessary to prove the robbery as well as the killing to establish the corpus delicti in that case, it must follow that in order to prove the corpus delicti here, the State must prove that the robbery charged in the indictment, as well as the homicide, was committed by someone.

*No one* is here contending or even suggesting "that the specific crime in its exact detail must be first proved before a confession is admissible?"

"In Indiana the independent evidence alone need not be sufficient to establish the *corpus delicti* be-

yond a reasonable doubt, but there must be some evidence of probative value aside from the confession to prove that the crime charged was committed. When there is some independent evidence tending to prove that the crime charged has been committed by someone the confession may be considered with the independent corroborating facts in determining whether the *corpus delicti* has been established beyond a reasonable doubt. [Citing authorities.]

. . . .

"However, it seems established over the years that the corroboration required is not of incidental facts stated in the confession but the offense charged had been committed. In *Underhill's Criminal Evidence* (4th Ed.), § 36, p. 43, this subject is covered in the following language:

"'. . . The "corroboration" of a confession or admission which is required in order to prove the *corpus delicti* refers not merely to facts proving the confession but to facts concerning the *corpus delicti*, or evidence independent of the confession. The corroboration of a confession does not necessarily prove the *corpus delicti*.'" *Parker* v. *State, supra* (1950), 228 Ind. 1, 7, 8, 9, 88 N. E. 2d 556, 89 N. E. 2d 442.

However, it is my position that it was not enough here to show that a crime of "the general character charged, namely, murder, had been committed."

Under the rule as proposed, a man who was charged with the stealing of personal goods of John Smith could be convicted on evidence showing that the stolen goods belonged to Dave Jones, because the State would have shown "that a crime of the nature and character charged," i.e., larceny, had been committed. The same would be true on a charge of rape, robbery, arson or any other crime.

*Second:* The evidence in the record here, independent of appellant's extrajudicial confession or statement, upon which the State must rely to prove the robbery

charged in the indictment, is summarized in the majority opinion and I shall not burden this opinion by restating it here.

In my opinion the unconnected facts (1) that the victim had, three days before her disappearance, withdrawn $203.55 from a savings account; (2) that the charred remains of her purse and other personal articles were found buried near his mother's garage, at the residence where appellant lived at the time the victim disappeared, and (3) that appellant paid $200 cash for an automobile on the day after the victim's disappearance, are not sufficient to support an inference that someone robbed the decedent herein as charged in the indictment.

It is entirely possible, and there is no independent evidence in the record to indicate otherwise, that the articles found in the yard were stolen from the victim's car by appellant or someone else. In such event, appellant could not have been guilty of killing decedent while perpetrating a robbery. Under these circumstances the jury could only guess which crime—robbery, larceny or receiving or concealing stolen goods—if any, had been committed, Both larceny and receiving or concealing stolen goods are "felonious" acts. But neither is mentioned in the statute under which appellant was charged and convicted. A man's life may not be taken away on mere guess or speculation.

The jury could only guess or suspect that the articles found in the victim's purse were taken from her by robbery. A mere trace or trifle of evidence is not sufficient to sustain an issuable fact. *Rhoades* v. *State* (1946), 224 Ind. 569, 575, 70 N. E. 2d 27. Nor can a finding be based upon mere suspicion, possibility, guess or conjecture. *Christen* v. *State* (1950), 228 Ind. 30, 40,

89 N. E. 2d 445; *Todd* v. *State* (1951), 230 Ind. 85, 90, 101 N. E. 2d 922.

There is no evidence here that the victim had any money on her person when she disappeared on August 17, 1956. Nor is there any evidence to show that the money with which appellant bought the car was that withdrawn by the victim from her savings account on August 14, 1956. Even if there were such evidence the jury would still be compelled to guess whether the money was taken in the perpetration of a robbery or of larceny, or by some other means or method.

The fact, if established, that someone attempted to destroy incriminating evidence and that a wallet is normally used to carry money, certainly is not evidence sufficient to support an inference of robbery in this case.

No one disputes that the possession of stolen goods is circumstantial evidence of the criminal taking of property, but *the mere possession furnishes no proof of the manner of taking.*

When considered with the other independent evidence in the record here, the evidence as recited in the majority opinion does not, in my opinion, furnish a state of facts sufficient to support a reasonable inference that someone robbed the victim herein as charged in the indictment.

*Third:* The majority opinion distinguishes *Parker* v. *State, supra* (1950), 228 Ind. 1, 88 N. E. 2d 556, from the case at bar on the theory that in that case the body of the victim was never identified.

In the Parker Case the defendant in his signed confession told in detail where he had disposed of parts of the dismembered body of the victim, and the police found the skull and upper parts of a skeleton near the place designated by the defendant. There was testimony

that the bones were those of a female between the ages of 47 and 65 years of age. There was no evidence that the bones or skull were those of the victim named in the indictment. This court reversed the judgment in that case for failure to prove the corpus delicti because there was no independent proof that the specific person named in the indictment had been killed, and at page 6 of 228 Ind., said:

"Proof of the *'corpus delicti'* means proof that the specific crime charged has actually been committed by someone."

If the rule as stated by Judge Arterburn, as to what is necessary to establish the corpus delicti, had been the law in Indiana at that time, the Parker Case would have been affirmed, because in that case there was proof that "a crime of the nature and character charged"—i.e., murder—had been committed.

The cases of *Griffiths* v. *The State, supra* (1904), 163 Ind. 555, 72 N. E. 563, and *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570, are relied upon to support the conclusion that the evidence here is sufficient to prove the corpus delicti.

In discussing the Griffiths Case, it is stated, "There was no evidence as to the exact ownership of the property taken other than the confession of the defendant." At pages 556, 557 of 163 Ind., it is said:

"It appears from the evidence that on December 28, 1903, the firm of Hart, Schaffner & Marx shipped a box containing one coat and three vests, with other clothing, from their factory in Rochester, New York, to their wholesale house in Chicago, Illinois. The goods were shipped in a car marked 'N. Y. & C., 14,051.' On the night of January 4, 1904, this car was broken open, in the railroad yards at Elkhart, Indiana, while *en route* to Chicago, and the articles of clothing particularly here-

tofore mentioned were stolen from the box in said car. In addition to the evidence stated, an employe of Hart, Schaffner & Marx testified that the box of clothing was shipped on the 'Lake Shore & Michigan Southern Railway.' Witnesses who described themselves as employes of the Lake Shore & Michigan Southern Railway Company, testified to facts showing a larceny of a coat and three vests from said box while it was in said car; and, in their testimony, said witnesses referred to the car as being at that time in the 'Lake Shore Yards.' "

It seems to me that this is competent evidence of probative value, other than the confession of Griffiths, and that it was sufficient to support a reasonable inference that the specific crime charged had been committed by someone.

In the Watts Case this court, following seven pages of summary of the evidence (229 Ind. 93-100) with which I will not burden this opinion by repeating, at page 101 of 229 Ind., said:

"In Indiana, the independent evidence alone need not be sufficient to establish the *corpus delicti* beyond a reasonable doubt, but there must be some evidence of probative value aside from the admissions to prove that *the crime charged* was committed." (My italics.)

It will be noted that in that case this court recognized that the "crime charged" must be proven in order to establish the corpus delicti.

The fact that it was held in the Griffiths and Watts Cases that the evidence was sufficient to establish the corpus delicti is, on the authority[2] cited and quoted in the majority opinion, not authority for holding that the independent evidence here is sufficient to sustain the proof of corpus delicti. As is stated in the quotation

2.  45 A. L. R. 2d 1316; 127 A. L. R. 1130.

referred to above "each case must depend on its own peculiar circumstances."

In my opinion there is not sufficient evidence here, independent of the extrajudicial statements of appellant, from which a *proper* inference may be drawn, to show that Mildred Grigonis was killed by someone in the perpetration of a robbery. For this reason the verdict of the jury is contrary to law and the judgment should be reversed.

Emmert, J., concurs in this opinion as to the rule on independent proof of the corpus delicti, but believes there was sufficient proof to admit the confession.

NOTE.—Reported in 154 N. E. 2d 720.