SALSMAN *v.* STATE OF INDIANA.

[No. 30,271. Filed July 2, 1963.]

*James Kershaw* and *Goltra & Kershaw,* of Columbus, for appellant.

*Edwin K. Steers,* Attorney General and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from a judgment wherein the appellant was found guilty of incest.

Two basic issues are presented:

*One.* Was there proof of the corpus delicti independent of the confession of the appellant?

*Two.* Was appellant entitled to discharge because of the failure of the court to impose sentence upon the appellant for a period of more than three months after the report of the probation officer had been filed and the motion for new trial had been overruled, there having been no showing of any cause for such delay, and appellant having shown "that the defendant has not at any time requested any delay in sentencing nor initiated any proceedings which delayed sentencing beyond the time of the overruling the motion for new trial"?

With regard to the first issue, it is true that the prosecuting witness testified that she had had "sexual

intercourse" with her father. Also, she testified that she conducted herself in the same manner with a neighborhood youth, which neighbors had "talked about."

The testimony regarding statements made by neighbors was not only hearsay, but lacked sufficient probative value to sustain an inference as to the corpus delicti.

Furthermore, an examination of the testimony of the prosecuting witness leads to the conclusion that her own testimony regarding "sexual intercourse" with her father was without probative value because her testimony demonstrates a complete lack of understanding as to the meaning of the term.

"Sexual intercourse," which is necessary to the crime of incest [Acts 1907, ch. 74, §1, p. 101, being §10-4206, Burns' 1956 Repl.], is defined as "carnal copulation of male and female implying actual penetration of the organs of the latter." Black's Law Dictionary, 4th Ed. p. 1541.

The prosecuting witness, a girl fourteen [14] years of age, when interrogated regarding her understanding of the meaning of the term sexual intercourse, stated she didn't really know what sexual intercourse meant; that sexual intercourse could mean several things to her; that she couldn't describe what was done; that she had been told a little about sexual intercourse by Mr. Jewell [the prosecutor]; that she didn't at any time describe to him or anyone else what she had done or had been done to her, and that no one at any time ever attempted to explain the meaning of sexual intercourse to her. She further testified that neither took off his clothes when this thing happened between her and her father on the bed on

August 20, 1961, and she couldn't remember that either touched the other.

Specific colloquy on the subject was as follows:

"Q. Helen, you still can't tell me and tell the Jury what you mean by sexual intercourse, can you?

"A. The only thing that I know is that it's a relationship.

"Q. Do you mean—, would it be the kind of relationship a boy would have with a dog?

"A. No.

"Q. Is it something that existed between you?

"A. Yes.

"Q. And *was it just a feeling?*

"A. *Well, I guess.*" [Our italics.]

From the above testimony the only reasonable inference which could be drawn is that the witness experienced a *feeling,* but this evidence is not of sufficient probative value to satisfy the burden of proving the corpus delicti with respect to the alleged unlawful act of sexual intercourse.

As stated by this court in the case of *Brown* v. *State* (1959), 239 Ind. 184, 190, 191, 154 N. E. 2d 720:

"The rule requiring proof of the corpus delicti of a crime has its origin and basis in the hesitancy of the law to accept without adequate corroboration, the confession of a defendant (extrajudicial) unless it be one made in open court—as a plea of guilty. Corpus delicti has been defined as 'The body of a crime. . . . In a derivative sense, the substance or foundation of a crime; the substantial fact that a crime has been committed.' Black's Law Dictionary, 4th Ed., p. 413.

· · · · ·

"[T]he independent evidence must be of such a character that reasonable inferences may be drawn to support a conclusion that a crime of the nature and character charged has been committed by someone."

With regard to the second issue, we consider the question as to whether the court erred in overruling appellant's motion for discharge. Although it is a fact that the appellant was not committed for a period of nearly three months after the overruling of the motion for new trial, and that all normal and recognized proceedings which may have caused delay in the case were had prior to that date, the decision upon the issue here asserted is not necessary because of the fact that appellant himself waived that issue at the time he appeared for judgment.

The controlling statute on this subject provides:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he have any legal cause to show why judgment should not be pronounced upon him." Acts 1905, ch. 169, §294, p. 584 [§9-2205, Burns' 1956 Repl.].

Nothing in the record indicates that the court failed to comply with the statute, nor does the appellant so contend. Obviously, the appellant knew of the delay which had preceded his appearance for judgment. If such delay had not been brought about by the invitation of the appellant and he considered that he was then entitled to discharge because of such delay, he should have then so informed the court and filed a petition for his discharge. Instead, he elected to keep silent, perhaps in hopes of a suspended sentence. Under these circumstances, he cannot complain of delay in sentencing in event the sentence was more severe than he anticipated. See: *Randolph* v. *State* (1954), 234 Ind. 57, 122 N. E. 2d 860.

For the reasons above stated, the overruling of the motion for discharge, filed by appellant some two

weeks after the judgment of commitment was entered, did not constitute an abuse of discretion by the trial court.

Judgment reversed, with instructions to grant appellant's motion for new trial.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., concurs in the result.

NOTE.—Reported in 191 N. E. 2d 502.