## GRIFFITHS v. THE STATE.

[No. 20,465.     Filed November 29, 1904.]

LARCENY.—*Ownership.—Corpus Delicti.—Confession.*—Where, in a prosecution for the larceny of goods owned by the "Lake Shore & Michigan Southern Railway Company," one witness for the State testified that the firm of H. S. & M. shipped a box containing the goods stolen, from R. to C. in a car marked "N. Y. & C., 14,051," and this car was broken into at E. and the goods stolen; another, that the goods were shipped on the "Lake Shore & Michigan Southern Railway;" others, that the car, when the goods were stolen, was in the "Lake Shore yards;" another, that defendant had confessed to him the larceny of the goods "up there in the yard," and on direct examination the witness had testified the goods were in the custody of the "Lake Shore & Michigan Southern Railway Company," but on cross-examination the witness admitted he did not know in whose custody the goods were except what the defendant and H. S. & M. had told him, and no evidence was introduced by the defendant, a verdict of guilty is fully warranted by the evidence. *pp. 556–558.*

SAME.—*Proof of Corpus Delicti by Confession.—Corroboration.*—Where the corroborating circumstances so far supplement a confession as to make it clear that the crime charged was actually committed, a conviction can not be overthrown for want of evidence.   *pp. 558, 559.*

TRIAL.—*Failure of Defendant to Cross-examine and Procure Witnesses.*—Where, in a prosecution for larceny, the defendant fails to cross-examine the State's witnesses as to a material part of the charge, and fails

to subpœna or procure any witnesses when he could readily do so, it is proper for the jury to consider such facts and the absence of any opposing evidence. *p. 559.*

TRIAL.—*Failure of Defendant to Testify.*—No inference should be drawn adversely to a defendant for his own failure to testify, but in other respects he should be treated as an ordinary party. *pp. 560.*

SAME.—*Verdict Right on Evidence.—Harmless Error.*—Where the verdict is clearly right under the evidence, error in the instructions is harmless. *p. 560.*

From Elkhart Circuit Court; *William J. Davis*, Special Judge.

Prosecution by the State against John Griffiths for larceny. From a judgment rendered on a verdict of guilty, the defendant appeals. *Affirmed.*

*J. S. Dodge* and *J. S. Dodge, Jr.*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild* and *W. C. Geake*, for the State.

GILLETT, J.—Appellant was charged by affidavit and information with the larceny of one coat and three vests. The ownership was laid in the Lake Shore & Michigan Southern Railway Company. There was a verdict of guilty, and, over a motion for a new trial, appellant was sentenced to imprisonment in the Indiana Reformatory, and was also fined and disfranchised.

It is claimed by appellant's counsel that there was no evidence of ownership as charged, and it is therefore urged that the court should have given a peremptory instruction, which was tendered by appellant, to return a verdict of not guilty.

It appears from the evidence that on December 28, 1903, the firm of Hart, Schaffner & Marx shipped a box containing one coat and three vests, with other clothing, from their factory in Rochester, New York, to their wholesale house in Chicago, Illinois. The goods were shipped in a car marked "N. Y. & C., 14,051." On the night of January 4, 1904, this car was broken open, in the railroad yards at Elkhart, Indiana, while *en route* to Chicago, and

the articles of clothing particularly heretofore mentioned were stolen from the box in said car. In addition to the evidence stated, an employe of Hart, Schaffner & Marx testified that the box of clothing was shipped on the "Lake Shore & Michigan Southern Railway." Witnesses who described themselves as employes of the Lake Shore & Michigan Southern Railway Company, testified to facts showing a larceny of a coat and three vests from said box while it was in said car; and, in their testimony, said witnesses referred to the car as being at that time in the "Lake Shore Yards." A witness (Henry C. Lards) described himself at the outset of his testimony as a "special agent for the Lake Shore & Michigan Southern Railway Company." It appears from his evidence that about ten days after the larceny he was detailed to look into the circumstances of the theft, and to endeavor to ascertain the identity of the perpetrator. After prosecuting inquiries at Elkhart, Lards caused the arrest of appellant, and it appears without contradiction that the latter confessed to the larceny of a coat and three vests from a car "up there in the yard." On his direct examination the witness testified that prior to the time the clothing was stolen it was in the "custody of the Lake Shore & Michigan Southern Railway Company." On cross-examination the witness was asked this question: "Now, Mr. Lards, you spoke of that coat and vests. You don't know whether they were in the possession of the Lake Shore Railway, or not, do you, excepting what the defendant told you?" The witness answered: "Why, what the defendant and Hart, Schaffner & Marx told me." The question and answer last mentioned evidently referred to what the witness had testified to in his direct examination relative to the custody of the goods. Appellant did not call a witness. There was nothing to modify or even to restrain such inferences as the jury might have been warranted in drawing from the testimony upon the question of ownership. As to all other points the evidence

was ample and uncontradicted. It being evident that the terms used by the witnesses, other than Lards, in referring to the railroad, were used as familiar appellations, and as there is a striking similarity between all of such references and the name "Lake Shore & Michigan Southern Railway Company," which the evidence shows to have been an existing corporation or company, we are of opinion that it was competent for the jury to infer that it was the bailee from whose custody the goods were stolen. See *Evansville, etc., R. Co.* v. *Snapp* (1878), 61 Ind. 303; *Evansville, etc., R. Co.* v. *Smith* (1878), 65 Ind. 92; *Wabash R. Co.* v. *Forshee* (1881), 77 Ind. 158; *Cincinnati, etc., R. Co.* v. *McDougall* (1886), 108 Ind. 179.

In dealing with the question as to the effect of the evidence, we have thus far laid no stress on the confession of appellant. If it were competent for the jury to make use of the self-disserving statement which the evidence shows that he made to the witness Lards relative to the company's custody of the goods, there could be no question as to the evidence warranting a conviction. We are mindful of the rule that the extrajudicial confession of a defendant is not alone sufficient to make out the *corpus delicti,* and that as applied to a prosecution for larceny it is required that there must be proof of the commission of the particular larceny charged. We deny, however, that such is the operation of the rule that the confession of the defendant can not in any case be used to accelerate the force of inferences concerning the fact of ownership, or that his confession can not be considered, along with proper corroborative evidence, in determining whether the fact of the commission of the crime charged has been made out.

Concerning the doctrine as to the *corpus delicti,* Professor Greenleaf says: "It is obvious that on this point no precise rule can be laid down, except that the evidence 'ought to be strong and cogent,' and that innocence should

be presumed until the case is proved against the prisoner, in all its material circumstances, beyond any reasonable doubt." 3 Greenleaf, Evidence (16th ed.), §30. Mr. Bishop states the doctrine thus: "Extrajudicial confessions, alone and uncorroborated, are, by abundant authority and with little dissent, deemed inadequate to establish the corpus delicti. Yet slight corroboration may suffice. And perhaps the confessions alone will, if made before a magistrate. On the whole, the doctrine is that the entire case, keeping distinctly in mind the corpus delicti, must be proved beyond a reasonable doubt. And special care should, by the general accord of the courts, whatever we deem of the reason, be given to this part of the case. In reason, no part should be neglected, and to open any other door to a wrongful conviction is the same evil doing as to open this one. Such is the substance of the doctrine, but some judges spin it out a little more finely." 1 Bishop, Crim. Proc. (4th ed.), §§1058, 1059. In 12 Cyc. Law and Proc., 484, it is stated that "the corroborative evidence need not be such as would be required to convict the accused independently of the confession." See, also, 1 Elliott, Evidence, §292; McCulloch v. State (1874), 48 Ind. 109; Seifert v. State (1903), 160 Ind. 464, 98 Am. St. 340. We think that the rule concerning the corpus delicti is largely one of caution, and that where the corroborating circumstances so far supplement the confession as to make it clear that the crime charged was committed, a conviction should not be overthrown for the want of evidence.

In considering the evidence concerning the ownership of the clothing, the fact is not to be forgotten that appellant had authority to cross-examine the witnesses called by the State, and that he had the right to the compulsory process of the court to procure the attendance of witnesses. Although an ultimate fact may rest only upon slight evidence offered by the party having the burden of proof, yet if the opposite party has it in his power readily to show the

truth, but omits to do so, why may not the jury treat the point as not within the range of the dispute? In such a case we regard it as proper to consider the absence of any opposing evidence. *Commonwealth* v. *Webster* (1850), 5 Cush. 295, 52 Am. Dec. 711; *Frazier* v. *State* (1893), 135 Ind. 38.

Of course, appellant was not to be subjected to any adverse inference from his failure to testify, but in other respects it was proper to regard him as an ordinary party. Coupling the confession of appellant with the other evidence relative to the fact of the ownership in the railroad company charged to have been the owner in the affidavit and information, and considering the entire lack of opposing evidence, we think that it may be said that the jury was not only warranted in finding the averment concerning ownership proved, but, indeed, that any other finding would have been wholly unjustifiable.

Complaint is made as to the giving of certain instructions. While in some particulars there appears to be a basis for verbal criticism of said instructions, yet considering the charge as a whole we are of opinion that the jury was not misled. Furthermore, the result was plainly right upon the evidence, and in such a case, even if there were an erroneous instruction exhibited by the record, we should not be authorized to reverse. §1964 Burns 1901.

Judgment affirmed.