WILLOUGHBY *v*. STATE OF INDIANA.

[No. 968S141. Filed March 7, 1969. Rehearing denied April 25, 1969.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The defendant was charged by affidavit with the theft of six pairs of draperies with an alleged value of approximately four hundred dollars from Aero Cleaning Services, Inc. The court without a jury found the defendant guilty and sentenced him accordingly.

The sole contention made on appeal is that the evidence is insufficient to support the decision and judgment of the trial court. The defendant asks for a reversal because "the State of Indiana failed completely and absolutely to prove ownership."

The evidence is as follows: While a dry cleaning installer who works for Aero Cleaning Services, Inc., was loading draperies in his truck to be delivered and installed in the homes of the owners, he was approached by the appellant Willoughby and asked where the employment office was. The

installer told him and then returned inside the plant. While inside the plant and standing by a window, the installer saw appellant Willoughby drive up to the truck and throw some draperies in his car and drive away. Another Aero employee followed Willoughby until Willoughby stopped and got out of the car. At this time the employee drove by, stopped, and telephoned the police and gave them a description of the defendant's car and the license number. The defendant was apprehended approximately fifteen minutes later.

The affidavit under which the appellant was charged alleges that the appellant "obtained and exerted unauthorized control over property of Aero Cleaning Services, Inc., to-wit: six pairs of draperies with a value of four hundred dollars..."

Burns' § 9-1121 states in part that in the trial of offenses of the character involved in property such as this, it shall be sufficient under an allegation of ownership of the property in one person to prove that such person was in possession as a bailee or tenant.

The appellant relies upon *Rhoades v. State* (1946), 224 Ind. 569, 70 N. E. 2d 27. The *Rhoades case, supra,* can be differentiated from the present one in that the alleged owner in Rhoades never had possession of the property nor did any employee of the alleged owner testify in the case. Here the dry cleaning installer testified that his duties were, "To pick up draperies for dry cleaning and to return them and hang them." To do this he used a truck with Aero Cleaning Services, Inc., written on the side. The witness further testified that the draperies were immediately prior to the theft in the possession of Aero Cleaning Services, Inc. When questioned as to what he was doing with the draperies the witness replied, "I had put them—routed the run, the way I was going, and had placed them on a rack in the plant in the order which they would go in the truck and had taken them off the rack and put them in my truck." After describing the draperies the witness also told who the real owners were and

what the order numbers were on the draperies. The above testimony, coupled with the nature of the business involved, dry cleaning, gave the court ample evidence to support a bailee relationship. As stated in the *Rhoades case, supra,* p. 573, "It is not essential that absolute ownership be in the person alleged to be the owner. It is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor, or administrator. *State v. Tillett* (1909), 173 Ind. 133, 89 N. E. 589."

In *Sneed, Lockridge v. State* (1955), 235 Ind. 198, 130 N. E. 2d 32, this Court held that it was not a fatal variance that the affidavit alleged that the property was the personal goods of the motor carrier, whereas the proof presented showed that the carrier was only in the possession of the property as a bailee. This Court has held that bailees of property may be alleged to be the owners thereof. *Edson v. State* (1897), 148 Ind. 283, 47 N. E. 625.

The appellant also points out to the Court that the affidavit under which he was charged gave as the value of the property stolen the amount of four hundred dollars ($400), whereas the proof introduced at the trial gave them a value of two hundred and fifteen dollars ($215). Prior to the 1963 amendment there were two categories of larceny in Indiana—grand larceny and petit larceny. The line of division between the two was one hundred dollars ($100). The 1963 amendment grouped both categories into the Offenses against Property Act (Burns' §§ 10-3028—10-3041). While petit larceny and grand larceny are no longer separate crimes, a distinction is made in the punishment upon conviction under Burns' §10-3039. For crimes involving property of less than one hundred dollars ($100), § 10-3039 (1) sets the penalty as not less than one (1) nor more than five (5) years or a fine not to exceed five hundred dollars ($500) or both. For crimes involving property of more than one hundred dollars ($100), § 10-3039(3) makes the punishment a fine not to exceed five thousand dollars ($5,000) or

imprisonment of not less than one (1) nor more than ten (10) years or both. As in the cases before the amendment in 1963, it is not the exact value of the goods which is important but whether the value exceeds one hundred dollars ($100). As this Court has stated before, the exact sum laid out in an indictment for larceny as having been stolen need not be proved. *Eicks v. State* (1933), 204 Ind. 417, 184 N. E. 407. It is sufficient if a value is proved bringing the case within the statute. *Holler v. State* (1941), 219 Ind. 303, 38 N. E. 2d 242. Since the state proved that the draperies had a value of over one hundred dollars ($100), no error was committed in alleging in the affidavit the drapery value at four hundred dollars ($400) when the evidence introduced at trial set the value at two hundred fifteen dollars ($215). The variance is not material.

The judgment of the trial court is affirmed.

DeBruler, C.J. and Hunter and Givan, JJ. concur.

Jackson, J. concurs in result.

NOTE.—Reported in 245 N. E. 2d 167.