303 So.2d 461 (1974)
Fred MAHFOUZ
v.
STATE of Mississippi.
No. 48091.
Supreme Court of Mississippi.
October 14, 1974.
Rehearing Denied December 9, 1974.
*462 Harry L. Kelley, Joe Scanlon, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen. by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Fred Mahfouz, was indicted by the Grand Jury of Rankin County, Mississippi, for the crime of Grand Larceny. He was tried and convicted in the circuit court and sentenced to serve a term of four (4) years in the state penitentiary. He has appealed to this Court and now contends, among other things, that there was a fatal variance between the charge as alleged in the indictment and the proof offered before the jury.

I.
The indictment as originally written charged that the articles of personal property alleged to have been stolen were the property of "Mississippi Freight Lines, Inc., a Mississippi corporation." During the trial the district attorney made a motion requesting permission of the trial judge to amend the indictment so as to show that the property alleged to have been stolen belonged to six (6) named consignees rather than to the freight line. The appellant agreed that the personal property set out in the indictment belonged to the named consignees. At the same time, however, the appellant objected to the amendment of the indictment. The trial judge overruled the objection, and the indictment was amended by drawing lines through the words describing ownership of the property, namely "Mississippi Freight Lines, Inc., a Mississippi corporation" and by writing on the face of the indictment the names and addresses of the six (6) consignees.
The order of the trial court permitting the amendment was not written into the minutes of the court as required by Mississippi Code Annotated Section 99-17-15 (1972), nor was a copy of the order attached to the indictment.
This Court has pointed out that where no objection is made to an amendment to an indictment in the trial court, objection cannot be raised here for the first time, since the amendment is not jurisdictional. See Jones v. State, 279 So.2d 594 (Miss. 1973). However, we have consistently held that where objection was made to the amendment to the indictment and the order to amend was not put on the minutes of the court, the variance between the indictment and proof was fatal. See Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953), and cases collected under Mississippi Code Annotated Section 99-17-15 (1972); see also Thomas v. State, 167 Miss. 504, 142 So. 507 (1932).
On the other hand, where the amendment to an indictment fails because it was not put on the minutes of the court, as required by Mississippi Code Annotated Section 99-17-15 (1972), and there was no variance between the indictment as it was originally written and the proof of ownership, the indictment should not be quashed, since it stands as it was originally written.
In the instant case, the testimony shows that the Mississippi Freight Lines, Inc. had the property here involved in its possession for transportation as a common carrier from consignors to consignees who were the owners of the property. The freight line was, therefore, a common carrier bailee in rightful possession of the property.
As a general rule of law in a prosecution for larceny, an allegation of the ownership of stolen goods is supported by *463 proof of any legal interest or special property in the goods; for example, where the person or corporation named in the indictment is in lawful possession as a bailee or common carrier.
We said in Minneweather v. State, 55 So.2d 160 (Miss. 1951), that in a larceny prosecution, the indictment may charge the ownership to be in the person who at the time of the theft was in the actual peaceable possession of the property in which he had an interest. Compare Horn v. State, 165 Miss. 169, 147 So. 310 (1933).
The rule permitting the ownership of property set out in a larceny indictment to be alleged as the property of another who has lawful possession of the property at the time of the theft or who has some special interest in the property seems to be universal. See Kelley v. People, 166 Colo. 322, 443 P.2d 734 (1968); Holder v. State, 118 Ga. App. 176, 162 S.E.2d 792 (1968); People v. Kaye, 112 Ill. App.2d 141, 251 N.E.2d 306 (1969); Owens v. State, 255 Ind. 693, 266 N.E.2d 612 (1971); Willoughby v. State, 252 Ind. 13, 245 N.E.2d 167 (1969); Lee v. State, 238 Md. 224, 208 A.2d 375 (1965); Petrey v. State, 239 Md. 601, 212 A.2d 277 (1965); Richardson v. State, 221 Md. 85, 156 A.2d 436 (1959); State v. Small, 267 A.2d 912 (Me. 1970); 32 Am. Jur. Larceny § 22, at 907-908; § 138, at 1050-51; § 146, at 1059-60 (1941); 52A C.J.S. Larceny § 134, at 666-69 (1968).
In Griffiths v. State, 163 Ind. 555, 72 N.E. 563 (1904), the Court pointed out that although the actual ownership of goods was in Hart, Schaffner & Marx, it was sufficient to show that the goods were obtained by breaking into a railroad boxcar. The Court said: "[W]e are of opinion that it was competent for the jury to infer that it was the bailee from whose custody the goods were stolen." 163 Ind. at 558, 72 N.E. at 564. The conviction was affirmed.
We are of the opinion that the failure of the prosecution to effectively amend the indictment was not fatal, since the indictment did not require an amendment under the proof offered by the state.

II.
The appellant argues that he could be guilty only of receiving stolen goods, because it is said, the driver of the truck for the freight line embezzled the goods since he came into possession of the personal property lawfully.
Appellant cites the pertinent parts of Mississippi Code Annotated Section 97-23-19 (1972), as follows:
"If any ... servant ... of any incorporated company ... shall embezzle ... or convert to his own use, or make way with ... any goods ... which shall have come or been intrusted to his care or possession by virtue of his ... employment ... he shall be guilty of embezzlement... ."
The appellant also cites Mississippi Code Annotated Section 97-23-23 (1972), which is in the following language:
"Every person who shall buy or in any way receive any money, goods, rights in action, or other valuable security, effects, or property, knowing the same to have been embezzled, taken, or secreted contrary to law, on conviction thereof, shall suffer the penalty provided in section 97-17-69 for receiving stolen property."
The theory of the appellant is not tenable, because the record is replete with evidence showing that the theft of goods from the freight line truck was the result of a conspiracy to steal the property before it came into the hands of the truck driver for the freight line.
When a person  even an agent of the owner  takes possession of property with the unlawful intent to feloniously convert the property to his own use at the time he acquires possession, he is guilty of *464 larceny and not embezzlement. Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360 (1938).
Moreover, where one has mere custody of another's property rather than legal possession and he converts the property to his own use, he is guilty of larceny. See cases collected in Annot., 125 A.L.R. 367, at 375-77 (1940).
An examination of the record on appeal in this case convinces us that there is no reversible error shown in the trial of this case. We, therefore, affirm the judgment of the trial court.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.