DENNIS LANE *v.* STATE OF INDIANA

[No. 3-477A109. Filed February 27, 1978.]

*Jeanne J. Swartz,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-Appellant Dennis Lane was charged by information with the offense of first degree burglary.[1] He was

1.  IC 1971, 35-13-4-4 (Burns Code Ed.).

convicted by a jury of the included offense of theft,[2] not from a person, of property with a value of one hundred dollars ($100) or more. Lane was sentenced to a period of not less than one (1) nor more then ten (10) years.

The appellant presents two issues for consideration:

I. Did the trial court err in striking the alibi testimony of the appellant's sister?

II. Was there sufficient evidence to support the conviction?

## I.

The appellant sought to introduce the alibi testimony of his sister, Helen James, who resided in Fort Knox, Kentucky. She testified that she saw Dennis Lane in Fort Knox on June 17, 1976. The following day, June 18, Mrs. James and her family journeyed to South Bend, Indiana. Appellant did not accompany them. Helen James stated that she did not see the appellant in South Bend, but when she returned to Fort Knox on June 20, the appellant was in her home. She further testified that it took 5½ to 6 hours to drive between Fort Knox and South Bend. Upon the State's motion this testimony was stricken as irrelevant.

The appellant contends that this evidence was worthy of jury consideration since it tended to prove the appellant's absence at the time and place of the crime. The State argues that the testimony was properly stricken since it did not relate to the actual day of the crime, June 19, 1976.

The theory of alibi is that defendant's presence elsewhere is essentially inconsistent with his presence at the place and time of the alleged offense. 21 Am.Jur.2d, Criminal Law, § 136 at 205.

In *Vaughn v. State* (1939), 215 Ind. 142 at 148, 19 N.E.2d 239 at 242, our Supreme Court commented, by way of the following example, on the exclusion of alibi evidence:

"If a resident of Chicago is charged with the commission of a crime in a small village in in southern Indiana, the State would

2. IC 1971, 35-17-5-3 (Burns Code Ed.).

be permitted to prove that he purchased a railroad ticket in Chicago the day before the date of the crime, since it would tend to support the allegation that he was at the place of the crime at the time it was charged to have been committed. *No reason is seen why any other or different rule should control the character of evidence admissible to prove that the defendant was at another place at a given time. The sole test must be whether the evidence offered tends to prove the fact sought to be established."* (Emphasis supplied)

The evidence offered by the defendant in the present case might tend to prove that he was present elsewhere at the time of the alleged offense. Despite the obvious weakness of this evidence, the courts are bound by the "tendency to prove" test for relevancy as announced in *Vaughn v. State, supra.* Thus, alibi evidence may be relevant although it does not absolutely preclude the possibility of the defendant's presence at the alleged time and place of the criminal act. 1 *Wigmore on Evidence,* § 136, at 570 (3rd. Ed. 1940).

The testimony of Helen James was improperly stricken. *Vaughn v. State, supra.* However, the self-evident weakness of this alibi evidence coupled with the strong evidence offered by the State to prove that Lane was in South Bend at the time and place of the crime and committed a crime, renders the error harmless.

## II.

When an appeal questions the sufficiency of the evidence to support a conviction, this Court may consider only that evidence which is most favorable to the State, together with all logical reasonable inferences to be drawn therefrom. Further, it is not our function to weigh the evidence or to determine the credibility of witnesses. *Buchanan v. State* (1976), 169 Ind. App. 287, 348 N.E.2d 70.

A conviction may be sustained by circumstantial evidence alone if that evidence is sufficiently probative to support a logical inference of guilty beyond a reasonable doubt. *Lewis v. State* (1976), 169 Ind. App. 172, 346 N.E.2d 754; *Sonafrank v. State* (1975), 163 Ind. App. 141, 322 N.E.2d 719. A conviction resting in whole or in part upon such evidence will not be reversed unless this Court can state as a matter of law that

reasonable persons could not form logical inferences with regard to each material element of the offense so as to ascertain the defendant's guilt beyond a reasonable doubt. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188; *Guyton v. State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

In order to secure a conviction for theft, not from the person, of property valued at one hundred dollars ($100) or more, it is incumbent on the State to show beyond a reasonable doubt that the defendant knowingly obtained or exerted unauthorized control over the property of the owner with the intent to deprive the owner of the use or benefit of the property. IC 1971, 35-17-5-3 (Burns Code Ed.). Additionally, the State must prove that the property taken had a value of one hundred dollars ($100) or more. *Willoughby v. State* (1969), 252 Ind. 13, 245 N.E.2d 167.

The facts of record and the reasonable inferences therefrom most favorable to the appellee State establish that on the afternoon of June 19, 1976, Jeri Mullin left her locked house at 753 South Sheridan Street, South Bend, Indiana. When she returned at five o'clock in the afternoon, she discovered that her room air conditioner and television were missing and the back door was standing open.

Defendant's brother, Willie Lane, was arrested in July, 1976, for the burglary of Jeri Mullin's home. On September 7, 1976, Willie Lane executed an affidavit which stated that he saw Dennis Lane's car parked in front of the house at 753 South Sheridan Street on the afternoon of the burglary. Willie also saw the defendant on the front porch of the house trying to open the front door. Earlier that day the defendant had asked Willie if he knew of any houses to break into. Later that evening Dennis Lane told Willie that he had broken into the house at 753 South Sheridan Street. Willie also observed Dennis Lane at a later date attempt to sell a television set believed obtained from the Mullin house.

The charge against Willie Lane was later dismissed. Then on September 16, 1976, Dennis Lane was charged by information with

the same offense. The affidavit of Willie Lane was subsequently admitted into evidence at trial.

The evidence and reasonable inferences therefrom favorable to the State support the conviction on every element except value of the property. No evidence was presented relative to the age, condition, purchase price, or value of the air conditioner or television, and those items were not introduced into evidence.

The State is not required to prove the exact value of the goods, but it must prove that the value of the goods exceeds one hundred dollars ($100). *Willoughby v. State, supra.*

No evidence of value equal to or greater than $100 was presented by the State, therefore, any finding by the jury that the property value was greater than $100 was pure speculation and devoid of evidentiary support. *Joy v. State* (1976), 169 Ind. App. 130, 346 N.E.2d 604, at 606.

However, the appellant's attack on the sufficiency of the evidence is only directed to the element of value of the stolen goods. While the evidence and the reasonable inferences therefrom fail to prove value of $100 or more, the nature of the stolen items (a television set and room air conditioner) admits some inherent value albeit less than $100. Thus, the evidence is sufficient to support a conviction for the lesser and included offense of theft of property valued at less than $100. Furthermore, a new trial is not required in this case since the record discloses no error such that Lane was denied a fair trial.

On appeal, this Court may order a modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime. *Ritchie v. State* (1963), 243 Ind. 614, 189 N.E.2d 575; *Bennett v. State* (1977), 174 Ind. App. 663, 369 N.E.2d 949;[4] Indiana Rules of Procedure, Appellate Rule 15(N).

4.  In *Bennett*, the appellant's conviction for theft over $100 was barred by double jeopardy principles. Conviction for the lesser included offense of theft under $100 was not so barred, and the judgment was modified accordingly.

Therefore, this cause is remanded to the trial court with instructions to vacate the judgment and sentence as to the offense of theft of property valued in excess of $100, to enter judgment upon the necessarily lesser included verdict of guilt for the offense of theft of property valued at less than $100, and to impose sentence accordingly.

Lowdermilk, J., participating by designation, concurs.

Garrard, J., concurs in result.

NOTE—Reported at 372 N.E.2d 1223.