Garnett STAYTON, Roy Lee Meadows, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–679–A–174.

Court of Appeals of Indiana, First District.

Feb. 7, 1980.

Rehearing Denied March 5, 1980.

Michael J. McDaniel, New Albany, for appellants.

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Garnett Stayton and Roy Lee Meadows (Stayton and Meadows) were convicted of delivering a controlled substance, marijuana, in an amount in excess of thirty grams. *Ind.Code* 35–24.1–4.1–10.[1] They were also convicted of automobile banditry. *Ind.Code* 35–12–2–1.[2] We affirm their conviction.

Facts favorable to the State show that Stayton and Meadows were arrested after an informant provided the Jeffersonville Police Department with information that they were seeking a buyer for one hundred pounds of marijuana. In response, the police initiated an undercover investigation in which police officers posed as potential buyers. Following the undercover police officers' instructions relayed through the informant, Stayton and Meadows knowingly arrived at a motel in Jeffersonville on October 28, 1979 in order to transact a sale of marijuana. Stayton and Meadows were armed with pistols and the car they drove contained fifty pounds of marijuana. Stay-

ton and Meadows produced this quantity of marijuana within a short period of time in response to the undercover police officers' interest in buying marijuana. Stayton and Meadows displayed an awareness of what was taking place and both men participated in the transaction. Meadows loaded the marijuana into the buyer's car and Stayton negotiated the purchase price and received payment in the amount of $3,250.

Stayton and Meadows presented an entrapment defense at trial and on appeal they assert that the trial court erred in failing to find that entrapment existed as a matter of law. They actually raise two issues related to entrapment. First, they argue that the State failed to show it had probable cause to suspect them of the crimes charged because no credible evidence to support such a suspicion was presented at the pre-trial hearing on their motion to suppress evidence. Secondly, Stayton and Meadows assert that the State failed to show they were predisposed to commit the crimes charged.

■ Probable cause to suspect the accused in an entrapment case was formerly required in Indiana. *Walker v. State,* (1970) 255 Ind. 65, 262 N.E.2d 641. The Indiana Supreme Court, however, has overruled *Walker* to the extent that proof of probable cause to suspect the accused, in an entrapment case, was required. *Hardin v. State,* (1976) 265 Ind. 635, 358 N.E.2d 134. The Indiana Court of Appeals has retroactively applied the entrapment standard set forth in *Hardin. Davila v. State,* (1977) Ind.App., 360 N.E.2d 283. Therefore, the State did not have to show probable cause to suspect Stayton and Meadows.

■ When the probable cause to suspect requirement was in effect, it was analogous to the probable cause necessary to support a search warrant or an arrest warrant, except that the evidentiary threshold was lower. *Locklayer v. State,* (1974) 162 Ind.App. 64, 317 N.E.2d 868; *See Hauk v. State,* (1974) 160 Ind.App. 390, 312 N.E.2d 92. Probable

---

1. IC 35–24.1–4.1–10, since repealed. For current law *see* IC 35–48–4–10.

2. IC 35–12–2–1, since repealed.

cause may be based upon credible hearsay evidence. Credible hearsay may be supplied by a reliable informant, that is an informant who has previously provided reliable information. *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152; *Boules v. State*, (1971) 256 Ind. 27, 267 N.E.2d 56.

In the case at bar, even if the State was required to show probable cause to suspect, there was ample evidence to satisfy the burden. The investigating police officer testified at the pre-trial hearing that his information was supplied by an informant who had provided accurate information on two prior occasions. The informant indicated that Meadows and an unknown individual, later found to be Stayton, had contacted him and were interested in selling a large quantity of marijuana. The officer therefore had a credible basis for his suspicions and the initiation of the investigation.

Stayton and Meadows next assert that the State failed to introduce credible evidence proving their predisposition to commit the crimes charged. This is essentially an attack on the sufficiency of the evidence supporting predisposition. When entrapment is an issue, the question of whether or not the defendants were predisposed to commit the crimes charged is a question of fact within the jury's province. We will look only to evidence most favorable to the State and all reasonable inferences drawn therefrom. If there is substantial evidence of probative value to support the jury's decision, it will be upheld. *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5. The subjective intent of the accused to commit the crimes charged is the proper focus of an inquiry to determine if predisposition existed. *Horn v. State*, (1978) Ind.App., 382 N.E.2d 1012; *Payne v. State*, (1976) Ind.App., 343 N.E.2d 325. The accused's intent may be proved by circumstantial evidence. Possession of a large quantity of a controlled substance may support the inference that the possessor anticipated a sale. The accused's readiness and willingness to commit a crime may be considered as well as his access to a supply of contraband. The manner of the sale itself may also be proper evidence. *Payne v. State, supra.*

Given this framework for review our examination of the evidence leads us to the conclusion that the jury had ample evidence before it to support its decision that Stayton and Meadows were predisposed to commit the crimes charged.

Stayton and Meadows next raise as fundamental error the trial court's ruling which excluded from the evidence the police informant's criminal record. Stayton and Meadows argue that the informant's criminal record was material evidence related to the issue of their predisposition to commit the crimes charged. Assuming *arguendo* that there was a factual nexus between the informant's character and the issue of the defendant's predisposition to commit the crimes, any error committed in excluding the informant's criminal record was harmless error in view of the ample evidence proving that the defendants were predisposed to commit the crimes. *Bean v. State*, (1978) Ind., 371 N.E.2d 713; *Webster v. State*, (1973) 261 Ind. 309, 302 N.E.2d 763.

Stayton and Meadows' final allegation of error asserts that the State failed to prove they delivered marijuana in an amount in excess of thirty grams as required by IC 35–24.1–4.1–10. Stayton and Meadows argue that the State failed to meet its burden of proof because no quantitative analysis was done on the marijuana introduced at trial. Stayton and Meadows rely on *Hutcherson v. State*, (1978) Ind. App., 381 N.E.2d 877, a case involving possession of heroin in an amount in excess of ten grams. In *Hutcherson*, the defendant possessed 10.98 grams of a substance containing heroin and this court found that there was insufficient evidence to prove the defendant possessed pure heroin in an amount in excess of ten grams because the State failed to conduct a quantitative test of the substance. Stayton and Meadows' argument implies that *Hutcherson* required the State to conduct a quantitative test in their case in order to prove the statutorily proscribed amount of marijuana, an amount in excess of thirty grams. This interpretation of *Hutcherson* is incorrect. Clearly the State must prove each element of the charged offense, however, such elements

may properly be proved by circumstantial evidence and the logical inferences drawn therefrom. *Lisenko v. State*, (1976) 265 Ind. 488, 355 N.E.2d 841; *Perkins v. State*, (1979) Ind.App., 392 N.E.2d 490. In fact, a conviction may be sustained on the basis of circumstantial evidence alone. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507; *Webster v. State*, (1978) Ind., 383 N.E.2d 328. Here the record discloses that chemical tests were conducted on three random samples taken from the fifty pounds of material seized and these tests confirmed the presence of marijuana. In addition to these tests, one of the investigating police officers testified that based on his experience the entire fifty pounds of material was marijuana. Therefore, it was logical and reasonable for the jury to assume Stayton and Meadows possessed marijuana in an amount in excess of thirty grams. We note that thirty grams is equal to 1.05 ounces while the fifty pounds equals 800 ounces, an amount far in excess of the statute's requirement. *See also Dixon v. State*, (1976) Ind.App., 357 N.E.2d 908.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.