**Wayne BUSAM, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–982A277.**

Court of Appeals of Indiana,
First District.

Feb. 16, 1983.

Mark Leo Reed, Lowry & Reed, Sullivan, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Wayne Busam was convicted of theft [1] pursuant to trial by the court and sentenced to the Indiana Department of Correction for a term of four (4) years.[2] He appeals

---

1. West's AIC § 35–43–4–2(a) provides: "A person who knowingly or intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

2. The presumptive sentence for a class D felony is a term of two (2) years, with not more

his conviction and sentence. We affirm in part and remand for further proceedings.

## FACTS

On December 29, 1981, Busam and an accomplice drove to the Templeton Coal Company's Jonay Mine in Sullivan County to obtain copper wire. The mine was no longer in operation, but electric motors and other machinery were still at the scene. They dismantled an electric motor, removed the copper wire, burned the insulation off the wire, loaded the wire onto Busam's truck, and proceeded to a salvage yard to sell the wire. A nearby resident witnessed Busam and his accomplice throwing the wire over the fence at the mine site and called the police. The police met Busam and his confederate at the salvage yard, arrested them, and confiscated the copper wire which weighed sixty to sixty-five pounds. Busam and the same accomplice in November 1981 had taken copper from the Jonay mine and sold it. No evidence of any specific value of the stolen copper was presented by the state.

At the sentencing hearing, the probation officer testified, in response to questioning by the judge, that he delivered a copy of the pre-sentence investigation report to Busam at the county jail, and that the sheriff informed him that Busam burned the report. The trial judge listed this along with Busam's history of criminal activity revealed by the presentence investigation report as aggravating circumstances justifying enhancement of the sentence.

## ISSUES

1. Whether the trial court erred in finding Busam guilty of theft when the value of the stolen copper wire was not established.

than two (2) years added for aggravating circumstances, to which a fine of not more than $10,000 may be added. Or the court may enter judgment of a class A misdemeanor and sentence accordingly. West's AIC § 35–50–2–7. However, the 1982 amendment restricted the court's power, in some cases, to enter judgment and sentence for a class A misdemeanor.

2. Whether the trial court erred in considering, at sentencing, the probation officer's testimony that Busam burned his copy of the pre-sentence investigation report.

3. Whether the pre-sentence investigation report complied with the provisions of Ind.Code § 35–4.1–4–10.

## DISCUSSION AND DECISION

*Issue One*

Busam contends it was error for the court to find him guilty of theft because no evidence of the actual value of the stolen copper wire was introduced. We disagree.

■ First, we point out that the present theft statute differs from its predecessors in that no reference is made to the specific monetary value of the stolen property.[3] The present statute requires only proof that the accused knowingly or intentionally exerted unauthorized control over property of another person intending to deprive the other person of any part of the value or use of the property. West's AIC § 35–43–4–2(a). The monetary value of the property no longer is of any concern. Nevertheless, since property is defined as "any thing of value," West's AIC § 35–41–1–2 (Supp. 1982–83), the stolen property must be shown to have some value in order to sustain a charge of theft.

It is true prior decisions have stated that the prosecution must prove that the property stolen was of some value and that inferences or presumptions may not be indulged with respect to value of property other than money. *Burrows v. State*, (1894) 137 Ind. 474, 37 N.E. 271; 18 I.L.E., *Larceny*, § 28 (1959). Our supreme court said in *Baker v. State*, (1928) 200 Ind. 336, 163 N.E. 268, without proof of the value of the stolen property there can be no conviction of lar-

3. Prior statutes differentiated between property of less than $100 in value and property of $100 or more in value. Such distinctions based on value affected only the grade of the offense. *See Lane v. State*, (1978) 175 Ind.App. 543, 372 N.E.2d 1223, dealing with former statute IC 1971, § 35–17–5–3 (Burns Code Ed.).

ceny, and in the absence of evidence the trier of fact could not indulge in presumptions as to value. The court refused to adopt the general rule that the jury may infer value where the nature of the property is such as to justify such an inference.

It is significant to note that these earlier decisions demanding proof of value and forbidding inferences thereof were decided under former statutes where the grade of the crime[4] or the severity of the punishment depended upon the monetary value of the property. Such distinctions are no longer relevant under our present statute where the monetary value of the property stolen is of no moment. In fact, more recent decisions have departed from the rigidity of the rule announced in the earlier cases.

In *Lane v. State,* (1978) 175 Ind.App. 543, 372 N.E.2d 1223, a case involving the former statute, the defendant was charged with theft of property of $100 or more in value. Theft of a room air conditioner and a television set was established, but no value was shown. Judge Hoffman, writing for this court, stated:

"[T]he appellant's attack on the sufficiency of the evidence is only directed to the element of the value of the stolen goods. While the evidence and the reasonable inferences therefrom fail to prove value of $100 or more, the nature of the stolen items (a television set and room air conditioner) admits some inherent value albeit less than $100. Thus, the evidence is sufficient to support a conviction for the lesser and included offense of theft of property valued at less than $100...."

175 Ind.App. at 547, 372 N.E.2d at 1226.

In *Pruitt v. State,* (1975) 166 Ind.App. 67, 333 N.E.2d 874, the evidence showed that Pruitt broke the lock off a gasoline storage tank, filled a gasoline can therefrom, and poured it in his truck. Judge Lowdermilk wrote for this court:

"This evidence is clearly sufficient to uphold a conviction for theft. *Inasmuch as the charge was for theft of property*

*worth under $100.00, the amount of the theft is irrelevant, so long as some property has been stolen.* That was clearly shown in this case." (Emphasis added.)

166 Ind.App. at 77, 333 N.E.2d at 880.

These later holdings clearly comport with the general rules that although property must have some value in order to be the subject of theft, any value, however slight, is sufficient, C.E. Torcia, *Wharton's Criminal Law,* 14th Ed. § 384 (1980), and that when the grade of the offense or the punishment therefor does not depend on the value of the stolen property, no specific value need be proven, so long as the property is shown to have some value. 50 Am. Jur.2d, *Larceny,* § 159 (1970).

Further, it has been stated that if there is any evidence from which the trier of fact may reasonably infer the existence of value, the evidence is adequate and the inferences properly may be drawn. *State v. Pelkey,* (1968), Me., 238 A.2d 611. This rule, we believe, was followed by Judge Hoffman in *Lane,* and is indeed a reasonable and sensible rule. *See also Gardner v. State,* (1969) 6 Md.App., 483, 251 A.2d 901, (the nature of the appliances stolen permitted a rational inference that their value was $100 or more); *Jackson v. State,* (Fla.Dist.Ct.App. 1982) 413 So.2d 112, (jury could infer a 37 foot sailboat was worth more than $100). We believe this rule is consistent with the rule that while the state must sustain its burden of proof on each element of the offense, some of the elements may be proved by circumstantial evidence. *Lisenko v. State,* (1976) 265 Ind. 488, 355 N.E.2d 841; *Eldridge v. State,* (1980) Ind.App., 406 N.E.2d 1264; *Stayton v. State,* (1980) Ind. App., 400 N.E.2d 784, *trans. denied.* In fact, a conviction may be based on circumstantial evidence alone. *Stayton.*

■ Since it is no longer necessary to establish the market value of the stolen property in order to determine either the grade of the offense or the severity of the

---

4. *E.g.,* petit larceny or grand larceny; theft of property of less than $100 in value or theft of property of $100 or more in value.

punishment, we hold that it is necessary to prove only that the stolen property had some value in order to sustain a conviction for theft under the current statute. Further, any evidence from which some value, however slight, can be inferred is sufficient.

Turning to the evidence in this case, it was proved that some sixty to sixty-five pounds of copper wire were removed from an electric motor by Busam and his accomplice and taken to a salvage yard to be sold. The same thieves previously had removed copper wire from motors at the same location and had sold it to the same salvage yard. The trier of fact clearly could find the existence of some value from this evidence. That is sufficient.

*Issue Two*

Busam next contends it was error to permit the probation officer to testify that Busam burned his copy of the pre-sentence report. He challenges this evidence on hearsay grounds, because such information was not included in the report thereby depriving him of an opportunity to refute it and that he was prejudiced by the court's consideration of this evidence in enhancing his sentence. We reject these arguments.

First, Busam made no objection to the alleged hearsay testimony. Any error on the basis of hearsay was waived by failure to object. *Duncan v. State,* (1980) Ind., 412 N.E.2d 770. Evidence admitted without objection may be considered for its probative value. *Kinnaman v. State,* (1977) 266 Ind. 622, 366 N.E.2d 165. We do not believe Busam was relieved of the duty to object merely because the judge was examining the witness. It is well settled that the trial court may direct questions to a witness so long as it is done in an impartial manner. *McManus v. State,* (1982) Ind., 433

N.E.2d 775; *Atkinson v. State,* (1979) Ind. App., 391 N.E.2d 1170, *trans. denied.* We have reviewed the examination of the witness by the judge and find nothing abusive, unfair, or lacking in impartiality in the manner of questioning. Also, the strict rules of evidence applicable during the trial are no longer applicable at sentencing. *Hineman v. State,* (1973) 155 Ind.App. 293, 292 N.E.2d 618.

Busam further contends the sentencing procedure was improper because the court arrived at its sentencing conclusion based upon material in the pre-sentence report not disclosed to him and which he had no opportunity to refute, citing *Stanley v. State,* (1980) Ind., 401 N.E.2d 689. It is true our supreme court remanded for a new sentencing hearing in *Stanley.* However, there the information of other criminal activity referred to by the court was on a page of the pre-sentence report which was not given to Stanley or his attorney before the hearing. The supreme court found such procedure violative of West's AIC § 35–4.-1–4–13.[5] In this case, Busam was furnished a copy of the report prior to sentencing. The information regarding his burning his copy was not set forth in the report. Rather, it was presented through the testimony of the probation officer. Busam made no attempt to cross-examine the probation officer concerning the matter. He did not attempt to explain, deny, or state his version of the alleged incident. Neither did he request a continuance of the sentencing in order to refute the testimony. Unlike *Stanley,* where the court's finding of aggravating circumstances was based solely upon the undisclosed information, here the court also found aggravating circumstances in Busam's history of criminal activity disclosed by the pre-sentence report. The evi-

---

5. West's AIC § 35–4.1–4–13 provides:

"Disclosure of contents of presentence report to convicted person. Before imposing sentence, the court shall:

(1) advise the convicted person or his counsel and the prosecuting attorney of the factual contents and conclusions of the presentence investigation; or

(2) provide the convicted person or his counsel and the prosecuting attorney with a copy of the presentence report. The sources of confidential information need not be disclosed. The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material contained therein."

dence of criminal history alone was a sufficient aggravating circumstance to warrant enhancement of the sentence. Busam has not demonstrated prejudice, and there is no error on this issue.

*Issue Three*

 Busam's final assertion of error is that the pre-sentence investigation report failed to contain a statement of the victim in violation of West's AIC § 35–4.1–4–10.[6] That section provides that the report must include any written statement given by the victim, and if no such statement is submitted, the probation officer shall certify his attempt to contact the victim and offer to submit his statements to the court. Here, the presentence report included a copy of the probable cause affidavit filed by the vice-president of the victim coal company and a statement from Busam's accomplice. A probation officer is afforded a broad discretion to include matters which he deems relevant in a pre-sentence investigation report. *Dunkle v. State,* (1981) Ind. App., 425 N.E.2d 185, *trans. denied; Halligan v. State,* (1978) 176 Ind.App. 463, 375 N.E.2d 1151. This does not mean that the probation officer is free to ignore the statutory requirements of a pre-sentence investigation report. The statutory directive is clear. The report *must* contain any written statements submitted to either the prosecuting attorney or the probation officer by the victim. If there are no such written statements the probation officer *shall* certify to the court that he has attempted to contact the victim and that, if such contact

has been made, he has offered to accept his victim's written statement or reduce the victim's oral statement to writing *concerning the sentence* including the acceptance of any recommendation. The words "must" and "shall" are mandatory terms. *State ex rel. Land v. Board of Trustees of Springs Valley School Corporation,* (1982) Ind.App., 430 N.E.2d 791, *trans. denied; Sherrard v. Board of Commissioners of Fulton County,* (1972) 151 Ind.App. 127, 278 N.E.2d 307, *trans. den.; Andrews v. Foxworthy,* (1978) 71 Ill.2d 13, 15 Ill.Dec. 648, 373 N.E.2d 1332. The statutes pertaining to pre-sentence investigation reports have been held to be mandatory in terms. *Stanley.* The probation officer in this case obviously did not follow the clear mandate of the statute.

 The state argues that the inclusion in the pre-sentence investigation report of the probable cause affidavit signed by the victim's vice-president and the statement of Busam's accomplice amount to a substantial compliance. We disagree. Even if the coal company vice-president's probable cause affidavit were to be considered a victim's statement, it goes only to the facts of the commission of the offense. The statute clearly requires the probation officer at least to attempt to obtain a statement of the victim *concerning the sentence* and recommendations pertaining to sentencing. No such statement was obtained and no certification of any effort to do so was included in the record. We cannot condone the probation officer's total disregard of the

---

**6.** West's AIC § 35–4.1–4–10 provides:

"(a) The presentence investigation consists of the gathering of information with respect to the circumstances attending the commission of the offense, the convicted person's history of delinquency or criminality, social history, employment history, family situation, economic status, education and personal habits. Such investigation may also include any other matter which the probation officer conducting the investigation deems relevant to the question of sentence, and must include:

(1) any matters the court directs to be included;

(2) any written statements submitted to the prosecuting attorney by a victim under IC 35–5–6; and

(3) any written statements submitted to the probation officer by a victim.

(b) If there are no written statements submitted to the probation officer, he shall certify to the court:

(1) that he has attempted to contact the victim; and

(2) that, if he has contacted the victim, he has offered to accept the written statements of the victim, or to reduce his oral statements to writing, concerning the sentence, including the acceptance of any recommendation.

(c) As used in this section, the terms 'recommendation' and 'victim' have the meaning set out in IC 35–5–6–1."

statutory mandate concerning a statement of the victim. Therefore, while we affirm the conviction, we must remand for further sentencing proceedings consistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.